**Freddie Louis BREWER, Appellant,**

v.

**James A. COLLINS, William McCray, Marshall Herklotz, Wayne Scott, Michael Moore, and C.D. Lightfoot, Appellees.**

No. 01–92–00689–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 22, 1993.

Freddie Louis Brewer, pro se.

Before OLIVER–PARROTT, C.J., and HEDGES and DUNN, JJ.

## OPINION

HEDGES, Justice.

This is an appeal from a dismissal with prejudice of appellant's pro se, in forma pauperis action. The trial court dismissed appellant's suit as frivolous under TEX.CIV. PRAC. & REM.CODE ANN. § 13.001(a)(2) (Vernon Supp.1992). Appellant had sued cer-

tain employees of the Texas Department of Criminal Justice, Institutional Division, alleging negligence and violation of his state and federal constitutional rights. In his sole point of error, appellant asserts that the trial court abused its discretion in dismissing his complaint because his claim had an arguable basis in law or fact. We affirm.

Appellant is a prisoner at the Texas Department of Criminal Justice, Institutional Division (Michael Unit). The trial court dismissed appellant's cause of action 15 days after it was filed. The record does not reflect whether the petition was served on appellees, and the transcript is void of any response by appellees. The docket sheet does not reflect that a hearing was held on whether the case should be dismissed. The proceedings of the administrative hearing, made the basis of this appeal, are not included in the record.

On October 25, 1991, a hearing was held to determine whether appellant was liable for the destruction of a pair of handcuffs under TEX.GOV'T CODE ANN. § 500.002 (Vernon Supp.1993). The hearing examiners found appellant guilty and assessed damages of $22.64. On December 16, 1991, $22.64 was withdrawn from appellant's inmate trust fund.

Appellant filed suit alleging negligence and violations of his due process rights guaranteed by the state and federal constitutions. Appellant requested "liquidated statutory damages of $100 to single person and $300 single occurrence of deprivation of his rights." The trial court dismissed appellant's cause of action with prejudice after deciding "that the purported cause of action is frivolous ... the claim has no arguable basis in law or in fact." TEX.CIV. PRAC. & REM.CODE ANN. § 13.001(a)(2).

Section 500.002 of the Government Code, entitled "Destruction of Property," provides:

(a) An inmate of the institutional division is liable for the inmate's intentional damage to property belonging to the state. If more than one inmate is involved in damage to property, each inmate involved in the damage is jointly and severally liable.

(b) The institutional division shall establish a hearing procedure, giving consideration to the due process rights of inmates, for the adjudication of claims for property damage under this article. Damages may be awarded to the institutional division only after a hearing and may not exceed the value of the property damaged.

(c) If at a hearing it is determined that an inmate is liable for property damage, the institutional division may seize the contents of inmate trust funds established for the inmate under Section 497.056 and Section 501.014.

(d) An inmate may appeal a ruling following a hearing under this section by filing an appeal in a district court having jurisdiction in the county in which the alleged damages occurred. On appeal, the district court shall follow the rules governing judicial review of contested cases under Section 19, Administrative Procedure and Texas Register Act (Article 6252–13a, Vernon's Texas Civil Statutes). Appeals may be taken from the district court as in other civil cases.

(e) If an inmate fails to appeal an adverse decision within 60 days after the date of a hearing under Subsection (b), the inmate is barred from appealing the decision.

TEX.GOV'T CODE ANN. § 500.002 (Vernon Supp.1993). Procedures for the hearing are to be established by the institutional division.

■ Although appellant does not separately list his points of error, we must review his pro se inmate petition with liberality and patience. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); Eubanks v. McCotter, 802 F.2d 790, 792 (5th Cir.1986); Johnson v. McAdams, 781 S.W.2d 451, 452 (Tex. App.—Houston [1st Dist.] 1989, no pet.). We discern a sole point of error: appellant asserts that the trial court erred in dismissing his complaint as frivolous because his complaint has reasonable bases in law or fact. Appellant claims that the trial court

abused its discretion in dismissing his suit because the dismissal deprived him of a vested property right without due process of law. Specifically, he maintains that he was denied procedural due process of law because the hearing officer did not tell him that he had a right to appeal and because the hearing was not conducted in accordance with the statute.

The trial court dismissed appellant's cause of action as frivolous under section 13.001 of the Texas Civil Practice and Remedies Code, which provides:

> (a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:
>
> (1) the allegation of poverty in the affidavit is false; or
>
> (2) the action is frivolous or malicious.
>
> (b) In determining whether an action is frivolous or malicious, the court may consider whether:
>
> (1) the action's realistic chance of ultimate success is slight;
>
> (2) the claim has no arguable basis in law or in fact; or
>
> (3) it is clear that the party cannot prove a set of facts in support of the claim.
>
> (c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1993).

Trial courts have broad discretion in determining whether to dismiss a suit as frivolous under section 13.001. *Onnette v. Reed*, 832 S.W.2d 450, 452 (Tex.App.—Houston [1st Dist.] 1992, no writ). An abuse of discretion occurs when a trial court acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984); *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939); *Pedraza v. Tibbs*, 826 S.W.2d 695, 699 (Tex.App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.).

The proper factor to be considered is whether the complaint "lacks an arguable basis in law or in fact." *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex. 1990). The Fifth Circuit has cast doubt upon the appropriateness of dismissal when "it is clear that the party cannot prove a set of facts in support of the claim." *Johnson*, 796 S.W.2d at 706; *see Payne v. Lynaugh*, 843 F.2d 177, 178 (5th Cir.1988). The Texas Supreme Court has discouraged reliance on section 13.001(b)(1) when "the action's realistic chance of success is slight." *Brown v. Lynaugh*, 817 S.W.2d 813, 814 (Tex.App.—Houston [1st Dist.] 1991, no writ) (citing *Johnson*, 796 S.W.2d at 707). Therefore, this Court will consider only whether the trial court abused its discretion in determining that plaintiff's claim has no arguable basis in law or in fact. *Brown*, 817 S.W.2d at 815.

Section 13.001(c) permits the trial court to dismiss the suit even before service of process. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(c); *Pedraza*, 826 S.W.2d at 698. Early dismissal spares prospective defendants the inconvenience and expense of answering frivolous complaints. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989).

In his brief, appellant acknowledges that the disciplinary action of deducting money from his trust account met the "usual minimum due process." He does not argue that he was not given notice or a hearing. Section 500.002 provides that after a hearing, the institution may seize inmate trust funds. Instead, appellant argues that the hearing was not conducted within the meaning of the statute. He maintains that the "minimum level" of due process does not suffice for the purpose of assessing monetary damages at a disciplinary hearing.

The fourteenth amendment of the United States Constitution protects against deprivation of life, liberty, or property by the State "without due process of law." *Parrat v. Taylor*, 451 U.S. 527, 537, 101 S.Ct. 1908, 1914, 68 L.Ed.2d 420 (1981). The opportunity to be heard is the fundamental requirement of due process; it is an " 'opportunity which must be granted at a meaningful time and in a meaningful man-

ner.'" *Id.* at 540, 101 S.Ct. at 1915 (citing *Armstrong v. Manzo,* 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)). "By requiring the government to follow appropriate procedures when its agents decide to 'deprive any person of life, liberty, or property,' the Due Process Clause promotes fairness in such decisions." *Daniels v. Williams,* 474 U.S. 327, 332, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986).

■ We examine procedural due process questions in two steps: we first ask whether an existing liberty or property interest has been interfered with; we next determine whether the procedures attendant upon that interference were constitutionally sufficient. *Kentucky Dep't. of Corrections v. Thompson,* 490 U.S. 454, 462, 109 S.Ct. 1904, 1909, 104 L.Ed.2d 506 (1989).

■ In this case, the State seized funds from appellant's inmate trust fund, which under TEX.GOV'T CODE ANN. § 501.014 and § 501.015 (Vernon Supp.1993), belong to appellant. We therefore hold that the State has interfered with appellant's property interest. We now focus on whether the procedures authorizing the seizure of appellant's funds were constitutionally sufficient.

■ Appellant does not assert that he was not given notice and a hearing or that he did not have an opportunity to be heard. He challenges the hearing itself, asserting that the implementing procedures did not afford him his guaranteed due process rights. We must decide whether the State provided appellant a meaningful hearing, sufficient to guard against arbitrary action by government officials.

Appellant describes the hearing in his petition as follows (verbatim):

[O]n October 25, 1991, complainant was brought before C.D. Lightfoot, Michael Unit Disciplinary Hearing Captain, to stand accuse for the destruction of state property to wit; a pair of handcuffs as alleged in Disciplinary Report # 98003341. The proceeding consisted of one hearing officer, tape recording the proceeding, offense report, maintenance report, the accusing officer, and counsel substitute.

It is apparent from appellant's description that the destruction of the handcuffs occurred during an incident subject to a disciplinary report and hearing.

In *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), the United States Supreme Court determined the minimum requirements of a disciplinary hearing conducted to determine whether the inmate should be held in administrative segregation. The Court reasoned:

In determining what is "due process" in the prison context, we are reminded that "one cannot automatically apply procedural rules designed for free citizens in an open society ... to the very different situation presented by a disciplinary proceeding in a state prison." "Prison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." These considerations convince us that petitioners were obligated to engage only in an informal, nonadversary review of the information supporting respondent's administrative confinement, including whatever statement respondent wished to submit, within a reasonable time after confining him to administrative segregation.

459 U.S. at 472–73, 103 S.Ct. at 872 (citations omitted). Appellant's description of his hearing meets the *Hewitt* standard for the scope of due process in a disciplinary situation.

■ We have found no Texas case defining the scope of due process afforded an inmate for a disciplinary hearing. We are confident that, at minimum, state law requires procedures that ensure that an inmate's property right is not arbitrarily abrogated. *See, e.g., Ex parte Henderson,* 645 S.W.2d 469, 472 (Tex.Crim.App.1983) (revocation of good-time credit).

In this case, appellant was present at the hearing. He does not claim that he did not

have an opportunity to be heard, and the hearing was tape-recorded. We hold that the hearing was not arbitrary and that it met Texas standards for due process.

Because appellant does not assert any claim that has an arguable basis in law or in fact, the trial court did not abuse its discretion in dismissing his claim as frivolous.

We overrule appellant's point of error. We affirm the order of dismissal.

313 Ark. 654