No. 04-99-00845-CV


Willie Frank MARSHALL,


Appellant



v.



Pedro CORTEZ, et. al.,


Appellees



From the 81st Judicial District Court, Karnes County, Texas


Trial Court No. 99-04-00072-CVK


Honorable Ron Carr, Judge Presiding



Opinion by: Tom Rickhoff, Justice


Sitting: Tom Rickhoff, Justice

 Catherine Stone, Justice

 Karen Angelini, Justice


Delivered and Filed: September 13, 2000


AFFIRMED


 This is an appeal from the trial court's order dismissing appellant's suit as frivolous. We hold
that the district court properly dismissed appellant's claim that prison officials denied him the right
to due process, and we affirm the judgment of the trial court.

Factual and Procedural Background 

 Appellant, Willie Frank Marshall, sued Warden Timothy Keith, Correctional Officer Pedro
Cortez, and Correctional Officer Ricardo A. Delavega. Appellant's allegations arise primarily from
events surrounding a disciplinary hearing at which he was found guilty of violating Texas Department
of Correctional Justice (TDCJ) disciplinary policies because he threatened to inflict harm on an
officer. Specifically, appellant alleges that in retaliation for his complaints of abusive conduct by
Officer Delavega, the defendant officers conspired to deprive him of his "good time credit" by falsely
charging him with threatening an officer. Further, he alleges that the evidence presented at the
subsequent disciplinary hearing was insufficient. He sued under 42 U.S.C. § 1983 alleging that these
actions constituted a violation of his Fourteenth Amendment right to due process. He sought
monetary damages and restoration of his good time credit. 

 On May 14, 1999, appellees filed a motion to dismiss and notice of hearing pursuant to the
provisions of section 14.003 of the Texas Civil Practice and Remedies Code. On June 11, 1999, the
court heard and granted appellees' motion to dismiss. Appellant filed his notice of appeal on August
2, 1999.

Discussion

 A court has broad discretion to dismiss frivolous claims filed by inmates which have no
arguable basis in law or fact. TEX. CIV. PRAC. REM. CODE § 14.003 (a)(2), 14.003(b)(2)(Vernon
2000); Lentworth v. Trahan, 926 S.W.2d 397, 398 (Tex. App.-Houston [1st Dist. 1998, no pet.].
The trial court's decision to dismiss is reviewed under an abuse of discretion standard. McCollum v.
Mt. Arafat Baptist Church, Inc., 980 S.W.2d 535, 536 (Tex. App.-Houston [1st Dist.] 1998, no
pet.). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any
guiding rules or principles. Brewer v. Collins, 857 S.W.2d 819, 822 (Tex. App.-Houston [1st Dist.]
1993, no writ).

 Under section 1983, the sole remedy for a prisoner seeking restoration of good-time credits
is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Appellant's claim for
money damages and restoration of good time credit, necessarily implies the invalidity of the
punishment imposed at the disciplinary hearing and is therefore not actionable under section 1983.
Edwards v. Balisok, 520 U.S. 641, 648 (1997). Therefore, pursuant to Edwards, the trial court's
dismissal of appellant's due process claim was proper. 

 Furthermore, appellant did not complain of any procedural error at the disciplinary hearing.
Instead, he complains that the administrative decision was not supported by the evidence. The
Fourteenth Amendment's due process guarantees do not go so far as to provide for an inmate's
satisfaction with the results of a prison disciplinary hearing. Johnson v. Peterson, 799 S.W.2d 345,
347 (Tex. App.-Houston [14th Dist.] 1990, no pet.). 

 We affirm the judgment of the trial court.

 

 Tom Rickhoff, Justice

Do Not Publish