ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 26, 2007

Mr. Adan Munoz, Jr.
Executive Director
Texas Commission on Jail Standards
Post Office Box 12985
Austin, Texas 78711

Opinion No. GA-0534

Re: Whether a county may deduct from a county-jail inmate's commissary account funds necessary to recover costs for medical expenses incurred during a previous incarceration in the county jail, for which the inmate is obligated to reimburse the county under Code of Criminal Procedure article 104.002(d) (RQ-0537-GA)

Dear Mr. Munoz:

Under Code of Criminal Procedure article 104.002(d), a county-jail inmate is obligated to reimburse the county for medical, dental, and health-related services the county has provided to the inmate. *See* TEX. CODE CRIM. PROC. ANN. art. 104.002(d) (Vernon 2006). On behalf of the Texas Commission on Jail Standards, you ask whether a county may deduct from a county-jail inmate's "commissary account" funds necessary to recover costs for medical expenses incurred during a previous incarceration in the county jail.[1]

Although you do not explain what you mean by the term "commissary account," we understand you to refer to an account composed of monies taken from the inmate upon intake into the county jail, earned by the inmate during incarceration, or received from others for the inmate's use during the inmate's incarceration. *See* Request Letter, *supra* note 1, at 1; *see also* 37 TEX. ADMIN. CODE §§ 265.4(a)(11) (2006) (Tex. Comm'n on Jail Standards, Inmate Files) (requiring a county to establish a file on each inmate taken into a county jail, including an "inmate property inventory"); 269.1(2)(D), (G) (Tex. Comm'n on Jail Standards, Record System) (requiring a sheriff or other county-jail operator to maintain a record on each inmate including "property" and "commissary"); *cf.* TEX. GOV'T CODE ANN. § 501.014(a) (Vernon 2004) (requiring the Texas

---

[1]Letter from Adan Munoz, Jr., Executive Director, Texas Commission on Jail Standards, to Honorable Greg Abbott, Attorney General of Texas (Oct. 2, 2006) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter]. You question specifically whether a "county jail" may deduct from a county-jail inmate's account for medical expenses incurred during a previous incarceration. *Id.* Because Code of Criminal Procedure article 104.002(d) obligates an inmate to reimburse the county, we have restated your question to focus on the county's authority to make the deduction. *See* TEX. CODE CRIM. PROC. ANN. art. 104.002(d) (Vernon 2006).

Department of Criminal Justice to take possession of an inmate's money upon admission and "all money the inmate receives . . . during confinement . . . and . . . [to] credit the money to an account created for the inmate"). The purpose of the account is to enable the inmate "to make purchases in the prison commissary." *Hatfield v. Scott*, 306 F.3d 223, 224 (5th Cir. 2002).

Article 104.002 pertains to expenses for county-jail prisoners. *See* TEX. CODE CRIM. PROC. ANN. art. 104.002 (Vernon 2006). A county is generally "liable for all expenses incurred in the safekeeping of prisoners confined in the county jail or kept under guard by the county." *Id.* art. 104.002(a). Under subarticle (d), however, a county may be reimbursed by the prisoner for the costs of medical, dental, or health-related services received during imprisonment:

> A person who is or *was* a prisoner in a county jail and received medical, dental, or health[-]related services from a county or a hospital district shall be required to pay for such services when they are rendered. If such prisoner is an eligible county resident [under the Indigent Health Care and Treatment Act, Health and Safety Code chapter 61], the county or hospital district providing the services has a right of subrogation to the prisoner's right of recovery from any source, limited to the cost of services provided. A prisoner, unless the prisoner fully pays for the cost of services received, *shall remain obligated to reimburse the county* or hospital district for any medical, dental, or health services provided, and the county or hospital district may apply for reimbursement in the manner provided by [c]hapter 61, Health and Safety Code. A county or hospital district shall have authority to recover the amount expended in a civil action.

*Id.* art. 104.002(d) (emphasis added). As this office has stated, "[s]ubarticle (d) makes clear that [an] inmate [who is not eligible for health care under the Indigent Health Care and Treatment Act] is ultimately responsible for the cost of medical services he or she receives while the inmate is incarcerated, whether the services are provided by a county or a hospital district." Tex. Att'y Gen. Op. No. DM-413 (1996) at 3.

We assume you ask about an inmate who is not eligible for health care under the Indigent Health Care and Treatment Act. *See* TEX. HEALTH & SAFETY CODE ANN. ch. 61 (Vernon 2001 & Supp. 2006); *see also* TEX. CODE CRIM. PROC. ANN. art. 104.002(d) (Vernon 2006) (providing the county with a right of subrogation to an inmate's right of recovery under the Indigent Health Care and Treatment Act). Thus, the county cannot obtain reimbursement by exercising its right of subrogation to the prisoner's right of recovery. *See* TEX. CODE CRIM. PROC. ANN. art. 104.002(d) (Vernon 2006).

Nothing in article 104.002(d), nor in any other law of which we are aware, precludes a county from obtaining reimbursement in the manner you describe. Article 104.002(d) lists two means by which a county may recover the costs of medical, dental, or health-related services from a county-jail inmate—by subrogation to the prisoner's right to recover from any source and by filing a civil

action—but nothing in subarticle (d) indicates that these means are intended to be exclusive. *See id.* Nor does article 104.002(d) set a time limit on the inmate's obligation to reimburse the county. *Id.* To the contrary, subarticle (d) expressly indicates that a person who was incarcerated at the county jail "remain[s] obligated to reimburse the county" until the debt is paid and does not appear to distinguish between a person who remains incarcerated and a person whose incarceration has ended. *Id.* In addition, nothing in the rules pertaining to inmate accounts prohibits the county from obtaining reimbursement from an account for medical, dental, and health-related services incurred during the current or a previous incarceration. *See* 37 TEX. ADMIN. CODE §§ 265.4(11), .10, 269.1(2)(L) (2006) (Tex. Comm'n on Jail Standards, Inmate Files, Inmate Property Checking, Record System); *see also* TEX. LOC. GOV'T CODE ANN. ch. 351, subch. C (Vernon 2005) ("Operation of County Jails").

Moreover, a county has implied authority to exercise broad discretion in accomplishing its statutory rights. *See Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941); *accord Wichita County v. Bonnin*, 182 S.W.3d 415, 420 (Tex. App.—Fort Worth 2005, pet. denied). Here, a county has a right to reimbursement from the inmate and may use discretion in determining how to accomplish that right, so long as the county complies with applicable due-process requirements. *See Brewer v. Collins*, 857 S.W.2d 819, 823 (Tex. App.—Houston [1st Dist.] 1993, no writ) (determining that an inmate has a property interest in funds in the inmate's trust fund and that the government may not "arbitrarily abrogate[]" the inmate's property right).

Assuming compliance with applicable due-process requirements, therefore, a county may deduct from a county-jail inmate's account funds necessary to recover the costs of medical expenses incurred during a previous term of incarceration in the county jail, for which the inmate must reimburse the county under Code of Criminal Procedure article 104.002(d).

## S U M M A R Y

A county may deduct from a county-jail inmate's account funds necessary to recover the costs of medical expenses incurred during a previous term of incarceration in the county jail, for which the inmate is required to reimburse the county under Code of Criminal Procedure article 104.002(d). The county must comply with applicable due-process requirements.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

KENT C. SULLIVAN
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee