TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00033-CV






Arnold Macias, Appellant


v.


Texas Department of Criminal Justice Parole Division, Tammy Boddy, Paul Morales,
Lana Rhodes, Pat Ivy, and Brian Collier, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT

NO. D-1-GN-04-002558, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N


 Appellant Arnold Macias, proceeding pro se, sued the Texas Department of Criminal
Justice, along with certain individual employees of the Department, alleging violations of the Texas
Penal Code, as well as a charge of civil assault against Department employee Tammy Boddy. The
Department and individual employees specially excepted, arguing that Macias's petition did not
plead with sufficient specificity to place them on notice about what actions or omissions were
attributed to them. The trial court granted the special exceptions and Macias filed an amended
petition, bringing suit against the Department and the individual employees for assault, stalking,
abuse of office, abuse of official capacity, official oppression, failure to report assault to a police
officer, and removal of government documents. 

 On August 4, 2005, the trial court dismissed all of Macias's claims other than the
claim for civil assault as frivolous under chapter 13 of the civil practices and remedies code. Boddy
filed a motion for summary judgment regarding the assault claim, which the trial court granted on
October 23, 2006. Macias appeals the dismissal of his claims and the granting of the summary
judgment. We affirm the trial court's judgment.


BACKGROUND Macias's assault claim arises from an incident that took place on March 8, 2004,
when Macias visited the parole office to meet with his parole officer, Paul Morales. Macias claims
that Boddy, a unit supervisor in the parole office, struck him as he was walking down a hallway to
Morales's office. According to Boddy's characterization of the incident, she spoke with Macias in
the hallway and then "tapped him on his shoulder and continued to walk down the hall." She asserts
that "[t]he tap was a sign of encouragement" and was "meant to be a friendly gesture." Morales, who
witnessed the incident, stated that Boddy merely "placed her hand on [Macias's] shoulder for a
second" in a gesture that was "not a slap or a punch."

 Macias's remaining claims, which he attempted to bring under the Texas Penal Code,
arise from other behavior by Department employees, namely Macias's allegations that Paul Morales
and Matt Smith refused to allow him access to the law library, that Llana Rhodes removed certain
documents related to his electronic-monitoring device from his record, that Morales failed to record
Macias's work schedule in his supervised program daily schedule, and that Morales failed to meet
the statutory requirements for employment as a parole officer. 

 Macias, proceeding pro se, asserts that the trial court erred in dismissing a portion of
his claims under chapter 13 of the civil practice and remedies code and in granting Boddy's motion
for summary judgment on the remaining claim for civil assault. On appeal, Macias also makes a
number of procedural complaints, including claims that he was denied assistance of counsel, that he
was denied an opportunity for discovery, and that no court reporter was available at his summary-judgment hearing. 


DISCUSSION

Dismissal Under Chapter 13

 Because Macias is proceeding in forma pauperis, his claims are subject to chapter 13
of the civil practice and remedies code. When an affidavit of inability to pay has been filed, a trial
court may dismiss the action on a finding that it is frivolous or malicious. Tex. Civ. Prac. & Rem.
Code Ann. § 13.001(a)(1) (West 2002). In determining whether an action is frivolous, the trial court
may consider whether (1) the action's realistic chance of ultimate success is slight, (2) the claim has
no arguable basis in law or fact, or (3) it is clear that the party cannot prove a set of facts in support
of the claim. Id. § 13.001(b). Because the Texas Supreme Court has discouraged reliance on the
chances of ultimate success or the party's inability to prove a set of facts in support of the claim, we
will focus on whether the claim lacks an arguable basis in law or in fact. See Johnson v. Lynaugh,
796 S.W.2d 705, 706 (Tex. 1990); Brewer v. Collins, 857 S.W.2d 819, 822 (Tex. App.--Houston
[1st Dist.] 1993, no writ).

 The trial court has broad discretion in determining whether to dismiss a claim as
frivolous under § 13.001. Brewer, 857 S.W.2d at 822. A court abuses its discretion when it "acts
arbitrarily, capriciously, and without reference to any guiding rules or principles." Id. 

 Macias attempted to bring his claims, other than his claim for civil assault, under the
Texas Penal Code. However, "the Texas Penal Code does not create private causes of action," and
as a result, "these allegations fail to state a viable claim for relief." Spurlock v. Johnson, 94 S.W.3d
655, 658 (Tex. App.--San Antonio 2002, no pet.). Because those claims brought by Macias under
the penal code lack an arguable basis in law, we hold that the trial court did not abuse its discretion
by dismissing such claims as frivolous. 


Civil Assault

 In relation to Macias's civil-assault claim, Boddy filed a joint traditional and no-evidence motion for summary judgment under Texas Rules of Civil Procedure 166a and 166a(i). 
When multiple grounds for summary judgment are raised and the trial court does not specify the
grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the grounds
advanced are meritorious. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 242 (Tex. 2001). A no-evidence summary judgment is properly granted when there is no evidence of one or more essential
elements of a claim on which an adverse party would have the burden of proof at trial. Tex. R. Civ.
P. 166a(i). In reviewing a no-evidence summary judgment, "the task of the appellate court is to
determine whether the plaintiff has produced any evidence of probative force to raise fact issues on
the material questions presented." Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70
(Tex. App.--Austin 1998, no pet.). 

 In order to establish a claim of civil assault, the complainant must establish the same
elements required for criminal assault. Johnson v. Davis, 178 S.W.3d 230, 240
(Tex. App.--Houston [14th Dist.] 2005, pet. denied). There are three avenues by which an assault
can occur. See Tex. Penal Code Ann. § 22.01(a) (West Supp. 2006). An assault occurs under
§ 22.01(a)(1) if a person intentionally, knowingly, or recklessly causes bodily injury to another. 
Macias presented no evidence that he suffered bodily injury. Under § 22.01(a)(2), an assault occurs
when a person intentionally or knowingly threatens another with imminent bodily injury. Again,
Macias has not presented evidence that Boddy threatened him with imminent bodily injury. Under
§ 22.01(a)(3), an assault occurs when a person intentionally or knowingly causes physical contact
with another when the person knows or should reasonably believe that the other will regard the
contact as offensive or provocative. Macias's evidence regarding the alleged assault consists solely
of his statement that "Tammy Boddy strikes Arnold Macias [sic] Mar. 8, 2004." Boddy described
this contact as a "tap on his arm" that was "meant to be a friendly gesture," and Morales, who
witnessed the incident, also described the contact as "friendly" and stated, "I did not believe Macias
would consider a simple tap on his should[er] an assault." Macias has not presented evidence that
Boddy knew or should have reasonably believed that her contact with Macias would be regarded as
offensive or provocative. Because Macias has failed to present evidence of an essential element of
his claim, we hold that the trial court did not err by granting Boddy's motion for summary judgment.


Failure to Appoint Counsel

 Macias further complains on appeal that he was denied assistance of counsel. The
trial court denied Macias's request for appointed counsel, but it is within a trial court's discretion
to do so in a civil case. See Tex. Gov't Code Ann. § 24.016 (West 2004); Travelers Indemn.
Co. v. Mayfield, 923 S.W.2d 590, 594 (Tex. 1996) (holding that there is no constitutional right to
counsel in civil proceedings); Lassiter v. Department of Soc. Servs., 452 U.S. 18, 26-27 (1981)
("[A]n indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived
of his physical liberty."). There is no danger that the outcome of this litigation will cause Macias
to be deprived of his physical liberty. As a result, we hold that the trial court did not abuse its
discretion in denying Macias appointed counsel. 


Lack of a Court Reporter

 Macias also complains that there was no court reporter available to record his
summary-judgment hearing. However, Macias failed to preserve this issue for appeal. When a party
objects to a court reporter's failure to make a record of proceedings, the objection "must be preserved
by filing a motion or other written objection." Reyes v. Credit Based Asset
Servicing & Securitization, 190 S.W.3d 736, 740 (Tex. App.--San Antonio 2005, no pet.). 
Furthermore, "litigants who represent themselves must comply with the applicable procedural rules." 
Mansfield State Bank v. Cohn, 573 S.W.2d 181, 185 (Tex. 1978). Because the clerk's record does
not contain a written motion or other objection regarding the court reporter's failure to record the
summary-judgment hearing, Macias failed to preserve this issue for appeal. 

 Even if Macias had properly preserved the issue for appeal, the creation of a reporter's
record is "a practice neither necessary nor appropriate to the purposes of such a hearing." 
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 343 n.7 (Tex. 1993). At a summary-judgment hearing, a trial court's decision is based solely on written pleadings and evidence, rather
than live testimony. Tex. R. Civ. P. 166a(c). Because a reporter's record is not necessary for a
summary-judgment hearing, no error is presented.


Miscellaneous Additional Issues

 Macias makes a number of additional complaints on appeal, none of which are
adequately briefed. He contends that the trial judge and opposing counsel "introduced fabricated or
manufactured evidence," that he was denied the opportunity for discovery, and that the trial judge
violated various provisions of the Texas Code of Judicial Conduct. Because Macias does not explain
or support these contentions, we consider them inadequately briefed and decline to address them. 
See Tex. R. App. P. 38.1(h). It is well-settled law that "a pro se litigant is held to the same standards
as licensed attorneys and must comply with applicable laws and rules of procedure." 
Strange v. Cont'l Cas. Co., 126 S.W.3d 676, 677 (Tex. App.--Dallas 2004, pet. denied). Where,
as here, an issue on appeal is inadequately briefed, "we cannot speculate as to the substance of the
specific issues appellant claims we must address." Id. at 678. Accordingly, we resolve Macias's
remaining issues against him. 




CONCLUSION

 Because the trial court did not err in dismissing a number of Macias's claims under
chapter 13 of the civil practices and remedies code or in granting summary judgment on the
remaining claim, we affirm the trial court's judgment.


 __________________________________________ Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed: August 21, 2007