# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-07-00033-CV

**Arnold Macias, Appellant**

**v.**

**Texas Department of Criminal Justice Parole Division, Tammy Boddy, Paul Morales, Lana Rhodes, Pat Ivy, and Brian Collier, Appellees**

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT
NO. D-1-GN-04-002558, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Arnold Macias, proceeding pro se, sued the Texas Department of Criminal Justice, along with certain individual employees of the Department, alleging violations of the Texas Penal Code, as well as a charge of civil assault against Department employee Tammy Boddy. The Department and individual employees specially excepted, arguing that Macias's petition did not plead with sufficient specificity to place them on notice about what actions or omissions were attributed to them. The trial court granted the special exceptions and Macias filed an amended petition, bringing suit against the Department and the individual employees for assault, stalking, abuse of office, abuse of official capacity, official oppression, failure to report assault to a police officer, and removal of government documents.

On August 4, 2005, the trial court dismissed all of Macias's claims other than the claim for civil assault as frivolous under chapter 13 of the civil practices and remedies code. Boddy

filed a motion for summary judgment regarding the assault claim, which the trial court granted on October 23, 2006. Macias appeals the dismissal of his claims and the granting of the summary judgment. We affirm the trial court's judgment.

## BACKGROUND

Macias's assault claim arises from an incident that took place on March 8, 2004, when Macias visited the parole office to meet with his parole officer, Paul Morales. Macias claims that Boddy, a unit supervisor in the parole office, struck him as he was walking down a hallway to Morales's office. According to Boddy's characterization of the incident, she spoke with Macias in the hallway and then "tapped him on his shoulder and continued to walk down the hall." She asserts that "[t]he tap was a sign of encouragement" and was "meant to be a friendly gesture." Morales, who witnessed the incident, stated that Boddy merely "placed her hand on [Macias's] shoulder for a second" in a gesture that was "not a slap or a punch."

Macias's remaining claims, which he attempted to bring under the Texas Penal Code, arise from other behavior by Department employees, namely Macias's allegations that Paul Morales and Matt Smith refused to allow him access to the law library, that Llana Rhodes removed certain documents related to his electronic-monitoring device from his record, that Morales failed to record Macias's work schedule in his supervised program daily schedule, and that Morales failed to meet the statutory requirements for employment as a parole officer.

Macias, proceeding pro se, asserts that the trial court erred in dismissing a portion of his claims under chapter 13 of the civil practice and remedies code and in granting Boddy's motion for summary judgment on the remaining claim for civil assault. On appeal, Macias also makes a

2

number of procedural complaints, including claims that he was denied assistance of counsel, that he was denied an opportunity for discovery, and that no court reporter was available at his summary-judgment hearing.

**DISCUSSION**

*Dismissal Under Chapter 13*

Because Macias is proceeding in forma pauperis, his claims are subject to chapter 13 of the civil practice and remedies code. When an affidavit of inability to pay has been filed, a trial court may dismiss the action on a finding that it is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a)(1) (West 2002). In determining whether an action is frivolous, the trial court may consider whether (1) the action's realistic chance of ultimate success is slight, (2) the claim has no arguable basis in law or fact, or (3) it is clear that the party cannot prove a set of facts in support of the claim. *Id*. § 13.001(b). Because the Texas Supreme Court has discouraged reliance on the chances of ultimate success or the party's inability to prove a set of facts in support of the claim, we will focus on whether the claim lacks an arguable basis in law or in fact. *See Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex. 1990); *Brewer v. Collins*, 857 S.W.2d 819, 822 (Tex. App.—Houston [1st Dist.] 1993, no writ).

The trial court has broad discretion in determining whether to dismiss a claim as frivolous under § 13.001. *Brewer*, 857 S.W.2d at 822. A court abuses its discretion when it "acts arbitrarily, capriciously, and without reference to any guiding rules or principles." *Id.*

Macias attempted to bring his claims, other than his claim for civil assault, under the Texas Penal Code. However, "the Texas Penal Code does not create private causes of action," and

3

as a result, "these allegations fail to state a viable claim for relief." *Spurlock v. Johnson*, 94 S.W.3d 655, 658 (Tex. App.—San Antonio 2002, no pet.). Because those claims brought by Macias under the penal code lack an arguable basis in law, we hold that the trial court did not abuse its discretion by dismissing such claims as frivolous.

*Civil Assault*

In relation to Macias's civil-assault claim, Boddy filed a joint traditional and no-evidence motion for summary judgment under Texas Rules of Civil Procedure 166a and 166a(i). When multiple grounds for summary judgment are raised and the trial court does not specify the grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the grounds advanced are meritorious. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). A no-evidence summary judgment is properly granted when there is no evidence of one or more essential elements of a claim on which an adverse party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). In reviewing a no-evidence summary judgment, "the task of the appellate court is to determine whether the plaintiff has produced any evidence of probative force to raise fact issues on the material questions presented." *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.).

In order to establish a claim of civil assault, the complainant must establish the same elements required for criminal assault. *Johnson v. Davis*, 178 S.W.3d 230, 240 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). There are three avenues by which an assault can occur. *See* Tex. Penal Code Ann. § 22.01(a) (West Supp. 2006). An assault occurs under § 22.01(a)(1) if a person intentionally, knowingly, or recklessly causes bodily injury to another.

4

Macias presented no evidence that he suffered bodily injury. Under § 22.01(a)(2), an assault occurs when a person intentionally or knowingly threatens another with imminent bodily injury. Again, Macias has not presented evidence that Boddy threatened him with imminent bodily injury. Under § 22.01(a)(3), an assault occurs when a person intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative. Macias's evidence regarding the alleged assault consists solely of his statement that "Tammy Boddy strikes Arnold Macias [sic] Mar. 8, 2004." Boddy described this contact as a "tap on his arm" that was "meant to be a friendly gesture," and Morales, who witnessed the incident, also described the contact as "friendly" and stated, "I did not believe Macias would consider a simple tap on his should[er] an assault." Macias has not presented evidence that Boddy knew or should have reasonably believed that her contact with Macias would be regarded as offensive or provocative. Because Macias has failed to present evidence of an essential element of his claim, we hold that the trial court did not err by granting Boddy's motion for summary judgment.

*Failure to Appoint Counsel*

Macias further complains on appeal that he was denied assistance of counsel. The trial court denied Macias's request for appointed counsel, but it is within a trial court's discretion to do so in a civil case. *See* Tex. Gov't Code Ann. § 24.016 (West 2004); *Travelers Indemn. Co. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996) (holding that there is no constitutional right to counsel in civil proceedings); *Lassiter v. Department of Soc. Servs.*, 452 U.S. 18, 26-27 (1981) ("[A]n indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty."). There is no danger that the outcome of this litigation will cause Macias

to be deprived of his physical liberty. As a result, we hold that the trial court did not abuse its discretion in denying Macias appointed counsel.

*Lack of a Court Reporter*

Macias also complains that there was no court reporter available to record his summary-judgment hearing. However, Macias failed to preserve this issue for appeal. When a party objects to a court reporter's failure to make a record of proceedings, the objection "must be preserved by filing a motion or other written objection." *Reyes v. Credit Based Asset Servicing & Securitization*, 190 S.W.3d 736, 740 (Tex. App.—San Antonio 2005, no pet.). Furthermore, "litigants who represent themselves must comply with the applicable procedural rules." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978). Because the clerk's record does not contain a written motion or other objection regarding the court reporter's failure to record the summary-judgment hearing, Macias failed to preserve this issue for appeal.

Even if Macias had properly preserved the issue for appeal, the creation of a reporter's record is "a practice neither necessary nor appropriate to the purposes of such a hearing." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 n.7 (Tex. 1993). At a summary-judgment hearing, a trial court's decision is based solely on written pleadings and evidence, rather than live testimony. Tex. R. Civ. P. 166a(c). Because a reporter's record is not necessary for a summary-judgment hearing, no error is presented.

*Miscellaneous Additional Issues*

Macias makes a number of additional complaints on appeal, none of which are adequately briefed. He contends that the trial judge and opposing counsel "introduced fabricated or

manufactured evidence," that he was denied the opportunity for discovery, and that the trial judge violated various provisions of the Texas Code of Judicial Conduct. Because Macias does not explain or support these contentions, we consider them inadequately briefed and decline to address them. *See* Tex. R. App. P. 38.1(h). It is well-settled law that "a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). Where, as here, an issue on appeal is inadequately briefed, "we cannot speculate as to the substance of the specific issues appellant claims we must address." *Id*. at 678. Accordingly, we resolve Macias's remaining issues against him.

## CONCLUSION

Because the trial court did not err in dismissing a number of Macias's claims under chapter 13 of the civil practices and remedies code or in granting summary judgment on the remaining claim, we affirm the trial court's judgment.

_____

Diane Henson, Justice

Before Chief Justice Law, Justices Puryear and Henson

Affirmed

Filed: August 21, 2007

7