

**NUMBER 13-17-00296-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DERRICK HARVEY,                                                                        Appellant,

v.

DARREN MAYER,                                                                          Appellee.

**On appeal from the 156th District Court
of Bee County, Texas.**

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Longoria**

Appellant Derrick Harvey is an inmate housed in the Texas Department of Criminal Justice—Institutional Division (TDCJ—ID) at the McConnel Unit in Beeville, Texas. Harvey brought suit pro se and *in forma pauperis* against Darren Mayer, an employee of TDCJ—ID, for theft and conversion.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.002 (West, Westlaw through 2017 1st C.S.).  The trial court dismissed Harvey's claims with

prejudice pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See id.* § 14.001–.014 (West, Westlaw through 2017 1st C.S.). Harvey argues that the trial court erred by dismissing his case against Mayer; in the alternative, Harvey argues that his suit should have been dismissed without prejudice as opposed to with prejudice. We affirm.

## I. BACKGROUND

On September 21, 2016, Harvey filed suit against Mayer for conversion and theft of money in the amount of $640 from his inmate trust fund account. According to Harvey, Mayer approached him on or about June 15, 2016 to become a confidential informant. Harvey refused his offer and shortly thereafter was charged with trafficking. On June 17, 2016, a disciplinary hearing was held; Harvey was found guilty, and $640 was removed electronically from his trust fund account. On June 20, 2016, Harvey filed a step one grievance concerning the disciplinary hearing and alleged procedural errors. On June 27, 2016, Harvey filed another step one grievance complaining about the $640 removed from his account and requesting that it be returned. On July 27, 2016, Harvey filed a step two grievance related to his first grievance, seeking reversal of the disciplinary action. On September 16, 2016, Harvey filed a step two grievance related to his second grievance.

On May 17, 2017, the Office of the Attorney General (OAG) filed an amicus curiae advisory asking the court to dismiss the case. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003–.005 (West, Westlaw through 2017 1st C.S.). On May 23, 2017, the trial court dismissed all of Harvey's claims with prejudice "for failure to comply with Chapter 14 of the Texas Civil Practices and Remedies Code." This appeal ensued.

## II. DISCUSSION

In one issue with multiple sub-issues, Harvey argues that the trial court erred by dismissing his claims. Specifically, Harvey claims the trial court erred by implicitly finding that: 1) he failed to exhaust his administrative remedies; 2) he filed a false affidavit of poverty; and 3) his claims were frivolous or malicious. Alternatively, he argues that the trial court should have dismissed his case without prejudice instead of with prejudice.

## A. Standard of Review

We review a dismissal under Chapter 14 for an abuse of discretion. *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Jackson v. Tex. Dep't of Crim. Justice—Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding principles or rules. *Brewer v. Collins*, 857 S.W.2d 819, 822 (Tex. App.—Houston [1st Dist.] 1993, no writ). However, we review the specific issue of whether a suit has an arguable basis in law de novo. *See Moreland*, 95 S.W.3d at 394.

## B. Applicable Law

A trial court may dismiss an inmate's claim, either before or after service of process, on any number of grounds. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003–.006; *see also Gross v. Carroll*, 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("A trial court may dismiss an inmate's lawsuit for failing to comply with the procedural requirements of Chapter 14."). Trial courts have broad discretion in dismissing a case under Chapter 14 because: "(1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state

officials, courts, and meritorious claimants." *Retzlaff v. Tex. Dep't of Criminal Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

A trial court may dismiss an inmate's claim as frivolous or malicious under chapter 14 based on the following factors:  the claim's ultimate chance of success; whether the claim has an arguable basis in law or fact; whether it is clear that the party cannot prove facts in support of the claim; or whether the claim is substantially similar to a previous claim filed by the petitioner because it arises from the same operative facts. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2); *see Hamilton v. Williams,* 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied).  "A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory." *Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, no pet.) (quoting *Hamilton*, 298 S.W.3d at 339). For example, a case barred by sovereign immunity has no arguable basis in law and renders a lawsuit frivolous under Chapter 14.  *See Hamilton v. Pechacek*, 319 S.W.3d 801, 811 (Tex. App.—Fort Worth 2010, no pet.); *see also McCray v. Langehenning*, No. 13-07-00143-CV, 2008 WL 3906395, at *1 (Tex. App.—Corpus Christi Aug. 26, 2008, no pet.).  Dismissal with prejudice is improper if the dismissal is based on procedural defects that the inmate can correct.  *See Fernandez*, 341 S.W.3d at 13.  However, if the claim has no arguable basis in law, then dismissal with prejudice is proper.  *Id.*

## C. Analysis

We will first address whether Harvey's claims were frivolous or malicious because we find this issue dispositive.  *See* TEX. R. APP. P. 47.1.  Harvey's claims against Mayer are based on the allegation that Mayer took his personal property, i.e., money from his inmate trust account.  Under Section 101.106 of the Texas Tort Claims Act,

4

[i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West, Westlaw through 2017 1st C.S.). In other words, a suit is completely foreclosed against a government employee when sued in his individual capacity if he is acting within the scope of his employment. *See Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). In *Franka*, the court held that a case is considered against an employee within his or her official capacity if: (1) the defendant was an employee of a governmental unit; (2) the defendant was acting within the general scope of his employment; and (3) the suit could have been brought under the Tort Claims Act against the agency. *See id.*

Harvey does not dispute, and it is clear from the record, that Mayer is an employee of a governmental unit. *See Lopez v. Serna*, 414 S.W.3d 890, 894 (Tex. App.—San Antonio 2013, no pet.). As to the second *Franka* prong, the Texas Tort Claims Act defines scope of employment as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by a competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5) (West, Westlaw through 2017 1st C.S.). Scope of employment "extends to job duties to which the official has been assigned, even if the official errs in completing the task." *Lopez*, 414 S.W.3d at 894. Because it is not disputed that it was within Mayer's job duties to confiscate property, we find it clear from the record that Mayer was acting within the scope of his employment. *See id.* (finding, where the inmate alleged

5

that the defendants committed theft by taking money from his inmate trust fund account, that the TDCJ—ID employees were acting within the scope of their employment); *see also Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004).

We also conclude that the third *Franka* prong is satisfied. In *Franka*, the court "held that if a state employee is alleged to have committed negligence or other 'wrongful conduct' in the general scope of employment, then the suit is subject to section 101.106(f) because it could have been brought against the state agency." *Lopez*, 414 S.W.3d at 895. This applies to both unintentional torts, such as negligence, and intentional torts, such as theft. *See id.* (holding that a suit for theft against TDCJ—ID employees satisfied the third *Franka* prong). Thus, Harvey's suit is subject to 101.106(f), his suit is against Mayer in his official, not individual, capacity, and Mayer would have been able to have the case dismissed against him and have Harvey name TDCJ—ID as the sole defendant. *See id.* In addition, any of Harvey's claims against the TDCJ—ID would be barred by sovereign immunity. *See id.* at 896 (observing that inmate's suit for theft against TDCJ—ID employees would be barred by sovereign immunity because "[t]here is no waiver of immunity under the Texas Theft Liability Act, and the Texas Tort Claims Act expressly does not waive immunity for intentional torts").

In summary, Mayer was acting in the scope of his employment, meaning that any suit against him in his individual capacity is barred. *See Franka*, 332 S.W.3d at 381. Under section 101.106(f), because Mayer is being sued in his official capacity, the proper defendant for the case is TDCJ—ID. But the only claims Mayer could bring against TDCJ—ID would be barred by sovereign immunity. *See Lopez*, 414 S.W.3d at 896. Thus, the trial court did not abuse its discretion in dismissing Harvey's claims because they have

no basis in law, and it was proper to dismiss his suit with prejudice.  *See id.*; *Fernandez*, 341 S.W.3d at 13; *Hamilton,* 298 S.W.3d at 339; *see also McCray*, 2008 WL 3906395, at *1.

Because we find that Harvey's claims have no arguable basis in law, we need not address his other sub-issues concerning his affidavit of poverty and the exhaustion of administrative remedies.  *See* TEX. R. APP. P. 47.1.  We overrule Harvey's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
19th day of July, 2018.

7