

NUMBER 13-17-00597-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

SALVADOR ZAVALA, **Appellant,**

**v.**

ASHLEY BUSTOS, ET AL., **Appellees.**

On appeal from the 36th District Court
of Bee County, Texas.

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Longoria**

Appellant Salvador Zavala is an inmate housed in the Institutional Division of the Texas Department of Criminal Justice (TDCJ) at the McConnell Unit in Beeville, Texas. Zavala brought suit pro se and *in forma pauperis* against multiple defendants employed by TDCJ for theft. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.002 (West, Westlaw through 2017 1st C.S.). The trial court dismissed Zavala's claims with prejudice pursuant

to Chapter 14 of the Texas Civil Practice and Remedies Code. *See id.* §§ 14.001–.014 (West, Westlaw through 2017 1st C.S.). Zavala argues that the trial court erred by dismissing his case with prejudice. We affirm.

## I. BACKGROUND

On March 15, 2017, Zavala filed suit against Ashley Bustos, Lorenzo Diaz III, Corey Furr, P. Chapa, and several unnamed defendants, for theft and conspiracy to commit theft, specifically theft of his "legal blue notebook." Zavala alleges that the incident which forms the basis of this lawsuit occurred on October 7, 2016. He filed a Step 1 grievance on October 18, 2016 and received a response on January 6, 2017. Zavala filed a Step 2 grievance on January 9, 2017. His Step 2 grievance was responded to on February 2, 2017, although Zavala claims that he did not receive the response until February 23, 2017. Zavala filed suit against the defendants on March 15, 2017.

On May 15, 2017, the Office of the Attorney General filed an amicus curiae advisory asking the court to dismiss the case. *See id.* §§ 14.003–.005 (West, Westlaw through 2017 1st C.S.). On October 11, 2017, the trial court dismissed all of Zavala's claims with prejudice. This appeal ensued.

## II. DISCUSSION

In one issue, Zavala argues that the trial court erred by dismissing his claims because his claims have an arguable basis in law.

### A. Standard of Review

We review a dismissal under Chapter 14 for an abuse of discretion. *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Jackson v.*

2

*Tex. Dep't of Crim. Justice—Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding principles or rules. *Brewer v. Collins,* 857 S.W.2d 819, 822 (Tex. App.—Houston [1st Dist.] 1993, no writ). However, the specific issue of whether there is an arguable basis in law is reviewed de novo. *See Moreland*, 95 S.W.3d at 394.

**B. Applicable Law**

A trial court may dismiss an inmate's claim, either before or after service of process, on any number of grounds. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003–.006; *see also Gross v. Carroll*, 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("A trial court may dismiss an inmate's lawsuit for failing to comply with the procedural requirements of Chapter 14."). Trial courts have broad discretion in dismissing a case under Chapter 14 because: "(1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants." *Retzlaff v. Tex. Dep't of Crim. Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

A trial court may dismiss an inmate's claim as frivolous or malicious under chapter 14 based on the following factors: the claim's ultimate chance of success; whether the claim has an arguable basis in law or fact; whether it is clear that the party cannot prove facts in support of the claim; or whether the claim is substantially similar to a previous claim filed by the petitioner because it arises from the same operative facts. *See* TEX.

CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2); *Hamilton v. Williams,* 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied). "A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory." *Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, no pet.) (quoting *Hamilton*, 298 S.W.3d at 339). For example, a case barred by sovereign immunity has no arguable basis in law and renders a lawsuit frivolous under Chapter 14. *See Hamilton v. Pechacek*, 319 S.W.3d 801, 811 (Tex. App.—Fort Worth 2010, no pet.); *see also McCray v. Langehenning*, No. 13-07-00143-CV, 2008 WL 3906395, at *1 (Tex. App.—Corpus Christi Aug. 26, 2008, no pet.) (mem. op.). Dismissal with prejudice is improper if the dismissal is based on procedural defects that the inmate can correct. *See Fernandez*, 341 S.W.3d at 13. However, if the claim has no arguable basis in law, then dismissal with prejudice is proper. *Id.*

## C. Analysis

Zavala's claims against defendants are based on the allegation that they took his personal property, i.e. his blue legal notebook. Under Section 101.106 of the Texas Tort Claims Act,

> [i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West, Westlaw through 2017 1st C.S.). In other words, a suit is completely foreclosed against a government employee when sued

4

in his individual capacity if he is acting within the scope of his employment. *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). In *Franka*, the court held that a case is considered against an employee within his or her official capacity if: (1) the defendant was an employee of a governmental unit; (2) the defendant was acting within the general scope of his employment; and (3) the suit could have been brought under the Tort Claims Act against the agency. *See id.*

It is undisputed that defendants are employees of a governmental unit, the TDCJ. *See Lopez v. Serna*, 414 S.W.3d 890, 894 (Tex. App.—San Antonio 2013, no pet.). As to the second *Franka* prong, the Texas Tort Claims Act defines scope of employment as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by a competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5) (West, Westlaw through 2017 1st C.S.). Scope of employment "extends to job duties to which the official has been assigned, even if the official errs in completing the task." *Lopez*, 414 S.W.3d at 894. It is not disputed that it was within defendant's job duties to confiscate property, and we find it clear from the record that defendants were acting within the scope of their employment. *See id.* (finding, where the inmate alleged that the defendants committed theft by taking money from his inmate trust fund account, that the TDCJ employees were acting within the scope of their employment); *see also Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004).

We also conclude that the third *Franka* prong is satisfied. In *Lopez*, the court "held that if a state employee is alleged to have committed negligence or other 'wrongful

conduct' in the general scope of employment, then the suit is subject to section 101.106(f) because it could have been brought against the state agency." *Lopez*, 414 S.W.3d at 895 (citing *Franka*, 332 S.W.3d at 381). This applies to both unintentional torts, such as negligence, and intentional torts, such as theft. *See id.* (holding that a suit for theft against TDCJ employees satisfied the third *Franka* prong). Thus, Zavala's suit is subject to section 101.106(f); his suit is against the defendants in their official, not individual, capacities; and the defendants were entitled to have the case dismissed against them and have Zavala name TDCJ as the sole defendant. *See id.* In addition, Zavala's claims against the TDCJ would be barred by sovereign immunity. *See id.* at 896 (observing that inmate's suit for theft against TDCJ employees would be barred by sovereign immunity because "[t]here is no waiver of immunity under the Texas Theft Liability Act, and the Texas Tort Claims Act expressly does not waive immunity for intentional torts"); *see also Trevino v. Ortega*, 969 S.W.2d 950, 953 (Tex. 1998) ("[T]he Texas Penal Code does not create privates causes of action.").

In summary, the defendants were acting in the scope of their employment, meaning that any suit against them in their individual capacities is barred. *See Franka*, 332 S.W.3d at 381. Under section 101.106(f), because the defendants are being sued in their official capacities, the proper defendant for the case is TDCJ. But the only claims Zavala could bring against TDCJ would be barred by sovereign immunity. *See Trevino*, 969 S.W.2d at 953; *Lopez*, 414 S.W.3d at 896. Thus, the trial court did not abuse its discretion in dismissing Zavala's claims because they have no basis in law, and it was proper to dismiss his suit with prejudice. *See Lopez*, 414 S.W.3d at 896; *Fernandez*, 341

S.W.3d at 13; *Hamilton,* 298 S.W.3d at 339; *see also McCray*, 2008 WL 3906395, at *1.

We overrule Zavala's sole issue.

## III. Conclusion

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
9th day of August, 2018.