

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00389-CV

**JEREMY FERNANDEZ,**

**Appellant**

 **v.**

**T.D.C.J., ET AL.,**

**Appellees**

---

**From the 12th District Court**
**Walker County, Texas**
**Trial Court No. 24,184**

---

## OPINION

---

Jeremy Fernandez, a state prison inmate, appeals the trial court's frivolousness

dismissal of his suit against the Texas Department of Criminal Justice-Correctional

Institutions Division (TDCJ) and several TDCJ officials or employees: Director

Nathaniel Quarterman, Assistant Administrator V. L. Brisher, Assistant Warden Lonny

L. Johnson, Lieutenant James Curry, Sergeant Joshua T. Reid, Corrections Officer John

W. Barkin, and Property/Corrections Officer Lawonda Hightower.

Fernandez's claims center around the alleged wrongful confiscation by TDCJ

employees of numerous packages of food from his personal storage locker. He alleged in his original "complaint" that, during a "necessities shakedown" in his cell block at the Wynne Unit, Reid seized these items because Fernandez could not produce commissary receipts to show that he had purchased every package of food in his possession. Fernandez claims that he tried to show Reid all of his receipts but Reid demanded to see "only two (2) receipts showing that you bought all of this." Because the two receipts Fernandez produced did not account for all of the food in his locker, Reid seized every package, including: 15 pot roasts, 47 packages of tuna, 19 packages of coffee, 21 packages of chili with beans, 11 packages of chili without beans, 3 packages of refried beans, 20 summer sausages, 2 packages of party mix, and 8 holiday pies. Reid also seized 60 stamped envelopes and a pair of nail clippers.[1] Reid directed Barkin to fill out a confiscation form and to "write up" Fernandez for the disciplinary violation of possession of contraband, namely, possession of commissary items without proof of ownership.

Fernandez alleges that he produced all his receipts at the disciplinary hearing but Curry determined that he was "about 20 meat packages short of the total amount." Fernandez asked that all items for which he had provided proof of purchase be returned to him, but this request was denied. He was found guilty of the disciplinary violation and punished by a 15-day cell restriction and a 15-day suspension of commissary privileges.

---

[1] The TDCJ Disposition of Confiscated Offender Property form indicates that Reid seized only 10 pot roasts, 37 packages of tuna, 19 packages of coffee, 16 packages of chili with beans, and 6 packages of chili without beans. Fernandez disputes these numbers.

Fernandez presented his receipts to Hightower a week later. She told him that she was going to check them against the commissary's computer records because they were "too old." The next day, she advised him that the items would not be returned. Johnson denied his Step 1 Grievance, finding that the seized items had been "improperly stored"[2] and that Fernandez had "failed to provide the appropriate documentation" to prove ownership. Brisher denied Fernandez's Step 2 Grievance, finding that the items were confiscated because ownership was questioned and he had "failed to prove appropriate proof of authorized possession."

Fernandez alleges six causes of action in his complaint: a claim under the Texas Tort Claims Act that the defendants caused "injury to and the loss of personal property which was caused by the condition or use or misuse of tangible personal or real property belonging to the State"; a claim that defendants seized his property without due process of law in violation of article I, section 19 of the Texas Constitution; a claim that TDCJ Administrative Directive 03.72, which requires an inmate to prove ownership of goods from the commissary with a receipt "that is no more than 60 days old," is unconstitutional; an inverse-condemnation claim; a conversion claim; and a claim under 42 U.S.C. § 1983 that the individual defendants violated his civil rights.

The defendants filed a motion to dismiss under chapter 14 of the Civil Practice and Remedies Code, alleging that Fernandez's suit was frivolous because he failed to exhaust his grievances with regard to the inverse-condemnation claim and because his

---

[2] The Disposition of Confiscated Offender Property form reflects that the "Reason for Confiscation" of the items was "Ownership Questioned," not "Improperly Stored."

claims have no arguable basis in law or in fact. Specifically, they alleged: (1) all his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); (2) his claim under the Texas Tort Claims Act has no basis in law; (3) his due-process claim has no basis in law; (4) he failed to exhaust his administrative remedies for his inverse-condemnation claim; (5) AD-03.72 is constitutional because it serves a legitimate penological interest; and (6) his Fourth Amendment rights were not violated because the seizure served a legitimate penological interest. The trial court granted the motion without specifying the basis for its ruling. Fernandez appeals, asserting six issues.

### *Heck v. Humphrey*

In his first issue, Fernandez asserts that his suit is not barred by *Heck v. Humphrey*. In *Heck*, the Supreme Court held that

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. Later, the Court applied this principle to a section 1983 suit alleging due-process violations in an inmate disciplinary hearing that resulted in the loss of 30 days' good-time credit. *See Edwards v. Balisok*, 520 U.S. 641, 643, 117 S.Ct. 1584, 1586, 137 L.Ed.2d 906 (1997). The Court observed that the plaintiff's primary complaint "would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." *Id.* at 646, 117 S.Ct. at 1588. The Court held that the plaintiff's claims for declaratory relief and money damages under section 1983 were

barred to the extent they would, if established, necessarily imply the invalidity of the lawfulness of his continuing confinement.[3] *See id.* at 648, 117 S.Ct. at 1589.

Appellees contend that *Edwards* extends *Heck* to all inmate-discipline decisions. They argue that "for Appellant's cause of action to be cognizable he must prove the disciplinary decision has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." However, the Supreme Court has expressly rejected this interpretation of *Heck* and its progeny.

In *Muhammad v. Close*, a confrontation between Muhammad, an inmate, and Close, a prison official, led to Muhammad being found guilty of the disciplinary infraction of insolence, for which he was required to serve a period of detention and was deprived of privileges for 30 days. *Muhammad v. Close*, 540 U.S. 749, 752-53, 124 S.Ct. 1303, 1305, 158 L.Ed.2d 32 (2004) (per curiam). Muhammad then filed a section 1983 suit alleging that these disciplinary proceedings were instituted in retaliation for prior lawsuits and grievances filed against Close. The federal district court granted Close's summary-judgment motion on the merits. The Sixth Circuit affirmed, holding that the suit was barred by *Heck*. *Id.* at 753-54, 124 S.Ct. at 1306.

The Supreme Court reversed, characterizing the proposition that "*Heck* applies to all suits challenging prison disciplinary proceedings" as a "mistaken view." *Id.* at 754, 124 S.Ct. at 1306. The Court observed, "[T]hese administrative determinations do not as

---

[3] The Court remanded the case for reconsideration of the inmate's claims for prospective relief that did "not necessarily imply the invalidity of a previous loss of good-time credits." *Edwards*, 520 U.S. at 648-49, 117 S.Ct. at 1589.

such raise any implication about the validity of the underlying conviction, and although they may affect the duration of time to be served (by bearing on the award or revocation of good-time credits) that is not necessarily so." *Id.* The Court reaffirmed this understanding one year later. *See Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S.Ct. 1242, 1248, 161 L.Ed.2d 253 (2005) (permitting prisoners to challenge constitutionality of parole proceedings because prevailing in the lawsuit would result in only a new parole hearing and not necessarily a "speedier release").

Fernandez's suit challenges the propriety of the prison disciplinary proceeding against him for possession of contraband. Success, if any, in this suit will not necessarily result in his speedier release from prison on the sentence he is serving for his underlying conviction. *See id.*; *Muhammad*, 540 U.S. at 754, 124 S.Ct. at 1306. We sustain Fernandez's first issue on this narrow basis and proceed to address the remaining grounds raised in the motion to dismiss.

**Exhaustion of Remedies**

Fernandez claims in his third issue that the trial court erred in dismissing his suit to the extent that dismissal was based on the defendants' assertion that he failed to exhaust his administrative remedies. The defendants assert that Fernandez failed to exhaust available administrative remedies only with regard to his inverse-condemnation claim. They argued in the dismissal motion that he "never specifically grieved the absence of just compensation" in his grievances. However, an inmate need not specify particular legal theories in his grievance. Rather, the grievance must provide prison officials with notice of the relevant "operative facts" that serve as the

basis for his complaint. *See* TEX. GOV'T CODE ANN. § 501.008(d) (Vernon 2004); *Brewer v. Simental*, 268 S.W.3d 763, 768-69 (Tex. App.—Waco 2008, no pet.) (citing *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) ("the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued")).

In *Johnson*, the Fifth Circuit similarly concluded that an inmate grievance need not specify the particular legal theories that he may choose to allege in a subsequent lawsuit. "[T]he purpose of the exhaustion requirement is to give prison administrators an opportunity to address a problem, and they can do this whether or not the prisoner tells them the constitutional provisions that the problem implicates. Further, TDCJ rules specifically instruct inmates to provide facts, not legal terminology." *Johnson*, 385 F.3d at 518. The operative facts that the defendants allegedly seized property from Fernandez in violation of his legal rights are clearly spelled out in his grievances. Nothing more was required. *See Brewer*, 268 S.W.3d at 769. Fernandez's third issue is sustained.

## Arguable Basis in Law

Fernandez's sixth issue asserts that the trial court erred by dismissing his suit as frivolous because all his claims have an arguable basis in law and in fact. His fifth issue asserts that the trial court abused its discretion by dismissing his suit with prejudice.

A trial court may dismiss a claim as frivolous under chapter 14 if "the claim has no arguable basis in law or in fact." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2) (Vernon 2002); *Hamilton v. Williams*, 298 S.W.3d 334, 339 (Tex. App.—

Fort Worth 2009, pet. denied). "A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory." *Hamilton*, 298 S.W.3d at 339. When, as here, there has been no fact hearing, our review is limited to the question of whether the claim has an arguable basis in law.[4] *Id.*; *Brewer*, 268 S.W.3d at 770. We may affirm the dismissal if it was proper under any applicable legal theory. *Hamilton v. Pechacek*, 319 S.W.3d 801, 809 (Tex. App.—Fort Worth 2010, no pet.). If the claim has no arguable basis in law, then dismissal with prejudice is proper. *Hamilton*, 298 S.W.3d at 340.

*Texas Tort Claims Act:* Fernandez asserts a claim against the defendants under section 101.021(2) of the Texas Tort Claims Act, alleging that he suffered injury and loss of the seized property that was caused by the defendants' use and misuse of prison documents. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 2005) ("A governmental unit in the state is liable for . . . personal injury and death so caused by a condition or use of tangible personal or real property").

Under section 101.021(2), a governmental unit can be liable only for "personal injury" or "death." *Id.*; *see Jones v. Tex. Dep't of Crim. Just.-Inst. Div.*, 318 S.W.3d 398, 404-05 (Tex. App.—Waco 2010, pet. denied). Fernandez alleges that he suffered property damage, not personal injury. His claim under the Texas Tort Claims Act has no arguable basis in law. *See Jones*, 318 S.W.3d at 404-05.

*Due Process:* Fernandez claims that defendants seized his property without due process of law in violation of article I, section 19 of the Texas Constitution. A prison

---

[4] The predominant focus of the hearing on the defendants' motion to dismiss Fernandez's suit as frivolous was on the defendants' argument that Fernandez's claims were barred by *Heck v. Humphrey*.

official's wrongful seizure of property does not violate due process if an adequate post-deprivation remedy is provided. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Texas law provides at least two such remedies: (1) the tort of conversion; *id.*; and (2) an administrative remedy under sections 501.007 and 501.008 of the Government Code. *See* TEX. GOV'T CODE ANN. §§ 501.007, 501.008 (Vernon 2004); *Pechacek*, 319 S.W.3d at 814. Fernandez's due-process claim has no arguable basis in law.

*AD-03.72:* Fernandez asserts that AD-03.72 is unconstitutional because it has no legitimate basis and does not "serve any logical and penological interest." He also claims that AD-03.72 was enforced against him in an arbitrary and capricious manner. These assertions are claims that AD-03.72 is unconstitutional on its face and that Fernandez's right to equal protection was violated by the manner in which the regulation was enforced.

"[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254, 2261, 96 L.Ed.2d 64 (1987); *accord Williams v. Lara*, 52 S.W.3d 171, 193 (Tex. 2001). The inmate bears the burden of proving the invalidity of the challenged regulation. *Overton v. Bazzetta*, 539 U.S. 126, 132, 123 S.Ct. 2162, 2168, 156 L.Ed.2d 162 (2003).

We consider four factors in deciding whether the regulation withstands constitutional challenge: (1) whether the regulation has a "valid, rational connection" to a legitimate governmental interest; (2) whether alternative means are available to exercise the asserted right; (3) what impact an accommodation of the right would have

on prison personnel and resources; and (4) whether "ready alternatives" to the regulation exist. *Id.*; *Turner*, 482 U.S. at 89-91, 107 S.Ct. at 2261-62.

The defendants proffered several interests that they contend AD-03.72 serves. They note that this regulation enhances inmate safety and diminishes the threat of inmate violence by removing a *de facto* currency and by mitigating the hoarding of materials that may pose a fire hazard. In addition, they note that an inmate who maintains possession of a commissary item for more than 60 days can procure a new receipt from the commissary for that item.

Fernandez offers limited argument in response to these assertions. He does not question the legitimacy of the interests asserted by the defendants other than to deny that the regulation serves any legitimate interest. His claim that AD-03.72 serves no legitimate penological interest has no arguable basis in law. *See Johnson v. Tex. Bd. of Crim. Just.*, No. 07-20396, 2008 WL 5069357, at *1 (5th Cir. Dec. 2, 2008) (rejecting inmate's challenge to constitutionality of restrictions on storage space in AD-03.72). However, Fernandez's assertion that AD-03.72 was enforced against him in an arbitrary and capricious manner states an equal-protection claim with an arguable basis in law. *See Conway v. Castro*, No. 12-03-00373-CV, 2004 WL 1103584, at *3 (Tex. App.—Tyler May 12, 2004, no pet.) (mem. op.).

*Inverse Condemnation*: Fernandez claims that his property was taken for a public use without just compensation. This is an inverse-condemnation claim. *See Sw. Bell Tel., L.P. v. Harris County Toll Rd. Auth.*, 282 S.W.3d 59, 61 (Tex. 2009) ("To recover on an inverse-condemnation claim, a property owner must establish that '(1) the State

intentionally performed certain acts, (2) that resulted in a "taking" of property, (3) for public use.'") (quoting *Gen. Servs. Comm'n v. Little Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001)). Specifically, Fernandez asserts that his property was taken for a public use because AD-03.72 requires that seized property either be re-issued to another inmate or donated to a charitable organization. The *disposition* of seized property in either fashion under AD-03.72 does not establish that the property was *taken* for a public use. *See Tex. Dep't of Crim. Just. v. Jackson*, No. 01-07-00477-CV, 2008 WL 2209350, at *4-5 (Tex. App.— Houston [1st Dist.] May 29, 2008, no pet.) (mem. op.). Fernandez's inverse-condemnation claim has no arguable basis in law.

*Conversion:* Fernandez asserts that Reid and Barkin unlawfully converted his personal property.

> To establish conversion of personal property, a plaintiff must prove that: (1) the plaintiff owned or had legal possession of the property or entitlement to possession; (2) the defendant unlawfully and without authorization assumed and exercised dominion and control over the property to the exclusion of, or inconsistent with, the plaintiff's rights as an owner; and (3) the plaintiff suffered injury. *United Mobile Networks, L.P. v. Deaton*, 939 S.W.2d 146, 147-48 (Tex. 1997); *Apple Imports, Inc. v. Koole*, 945 S.W.2d 895, 899 (Tex. App.—Austin 1997, pet. denied). If the defendant originally acquired possession of the plaintiff's property legally, the plaintiff must establish that the defendant refused to return the property after the plaintiff demanded its return. *Presley v. Cooper*, 155 Tex. 168, 284 S.W.2d 138, 141 (1955); *Apple Imports*, 945 S.W.2d at 899.

*Lopez v. Lopez*, 271 S.W.3d 780, 784 (Tex. App.—Waco 2008, no pet.).

Fernandez makes no allegation or showing that Reid or Barkin has the power or duty to return wrongfully seized property. Accordingly, his conversion claim has no arguable basis in law. *See Simmonds v. TDCJ*, No. 10-07-00361-CV, 2010 WL 654498, at *6

(Tex. App.—Waco Feb. 24, 2010, no pet.) (mem. op.).

*Section 1983:* Fernandez makes various claims against the individual defendants under section 1983. He contends that Quarterman violated his rights "by making or authorizing a policy that he knew or should have known would cause offenders to be deprived of their du[e] process right to own personal property." He asserts that Brisher and Johnson violated his rights by failing "to stop the unlawful and unconstitutional acts of [their] subordinates," by acquiescing in their actions, and by providing false information to conceal the subordinates' alleged misconduct. He similarly asserts that Curry violated his rights by failing "to stop unlawful acts of his subordinates" and by acquiescing in their actions. He also claims that Curry violated his rights by denying him the right to call witnesses and confront his accusers and by violating TDCJ policies. He asserts that Reid violated his rights by illegally confiscating his property. He contends that Barkin violated his rights by illegally confiscating his property and by fraudulently completing the required TDCJ paperwork. And he contends that Hightower violated his rights by refusing to return his property once he produced receipts for most of the seized items as required by TDCJ policy.

Fernandez's section 1983 claim against Quarterman hinges on AD-03.72 being found unconstitutional. We have already concluded, however, that AD-03.72 is constitutional on its face because it "is reasonably related to legitimate penological interests." *See Overton*, 539 U.S. at 132, 123 S.Ct. at 2167; *Turner*, 482 U.S. at 89, 107 S.Ct. at 2261; *Williams*, 52 S.W.3d at 193. Accordingly, this claim has no arguable basis in law.

Fernandez's section 1983 claims against Brisher, Johnson, Curry, Reid, Barkin,

and Hightower all hinge on their alleged failure to comply with various TDCJ policies regarding the seizure of contraband and the conduct of disciplinary hearings. "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Brewster*, 587 F.3d at 768 (quoting *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)). Fernandez has at least two constitutionally adequate post-deprivation remedies: (1) the tort of conversion; *see id.*; and (2) an administrative remedy under sections 501.007 and 501.008 of the Government Code. *See* TEX. GOV'T CODE ANN. §§ 501.007, 501.008; *Pechacek*, 319 S.W.3d at 814. Thus, his section 1983 claims against the remaining defendants have no arguable basis in law.

In conclusion, all of Fernandez's claims, except his equal-protection claim, have no arguable basis in law. Aside from the equal-protection claim, the trial court did not abuse its discretion in dismissing his claims with prejudice. *See Hamilton*, 298 S.W.3d at 340. We sustain in part and overrule in part Fernandez's fifth and sixth issues.

**Opportunity to Amend**

Fernandez asserts in his fourth issue that the trial court abused its discretion by failing to rule on his motion for leave to amend his complaint to correct defects. Dismissal with prejudice is a ruling on the merits and is improper if based on procedural defects that the inmate can correct. *Id.* But if the claim has no arguable basis in law, then dismissal with prejudice is appropriate and no opportunity to amend need be given. *See id.*

The trial court properly dismissed all but the equal-protection claim with

prejudice because the claims have no arguable basis in law. Accordingly, the trial court did not abuse its discretion by failing to rule on Fernandez's motion for leave to amend his complaint. Fernandez's fourth issue is overruled.

## Open Courts

Fernandez claims in his second issue that the trial court violated the open-courts provision of article I, section 13 of the Texas Constitution by dismissing his claims, rather than permitting him to have a jury trial. Several courts have concluded that the provisions of Chapter 14 do not violate the open-courts provision. *See Hughes v. Massey*, 65 S.W.3d 743, 745 (Tex. App.—Beaumont 2001, no pet.); *Sanders v. Palunsky*, 36 S.W.3d 222, 226-27 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *Thomas v. Bush*, 23 S.W.3d 215, 218 (Tex. App.—Beaumont 2000, pet. denied); *see also Gowan v. Tex. Dep't of Crim. Just.*, 99 S.W.3d 319, 323 (Tex. App.—Texarkana 2003, no pet.). We agree and overrule Fernandez's second issue.

In conclusion, having sustained in part Fernandez's fifth and sixth issues, we reverse in part the trial court's order dismissing Fernandez's suit as frivolous and remand this case for further proceedings. We otherwise affirm the trial court's dismissal order.

REX D. DAVIS
Justice

Before Chief Justice Gray,
Justice Reyna, and
Justice Davis
(Chief Justice Gray dissents. A separate opinion will not issue. He notes, however, that he would affirm the trial court's judgment in its entirety and assess all appellate costs against appellant.)
Affirmed in part; reversed and remanded in part
Opinion delivered and filed December 22, 2010
[CV06]