In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00339-CV
_____

**CHRISTOPHER KARONE TURNER, Appellant**

**V.**

**CARLOS D. DELGADO, JAMES GARLAND, AND ALVIN HARRIS,**
**Appellees**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. CIV28315**

**MEMORANDUM OPINION**

Seeking a judgment for $301,000 in actual damages and $1,000 in punitive

damages under the Texas Theft Liability Act, Christopher Karone Turner sued

three employees of the Texas Department of Criminal Justice, Correctional

Institutions Division. *See* Tex. Civ. Prac. & Rem. Code Ann. § 134.001-.005 (West

2011). The trial court dismissed Turner's suit. *See* Tex. Civ. Prac. & Rem. Code

Ann. § 14.010 (West 2002). In his appeal, Turner complains the trial court abused

1

its discretion by denying his motion for a default judgment, by denying his motion to vacate the judgment and reinstate the case, by dismissing his claim on the basis that he failed to comply with requirements that apply to filings by indigent inmates, and by granting the motion to dismiss filed by the employees of the Department of Criminal Justice. We affirm the judgment of dismissal, which we note was without prejudice. *See Ham v. Stephens*, No. 01-15-00036-CV, 2015 WL 6081815, at *3 (Tex. App.—Houston [1st Dist.] Oct. 15, 2015, no pet. h.) (mem. op.) (holding that the dismissal of a prisoner's suit pursuant to the court's authority under Chapter 14 of the Texas Civil Practice and Remedies Code is without prejudice where the dismissal order is silent on the issue).

## Background

In his original petition, Turner alleged that Sergeant Garland and Lieutenant Harris moved him to a prehearing detention facility in another building in his prison. According to Turner, Garland and Harris refused to allow him to take his property with him to the building when he was being moved, and they ordered Correctional Officer Delgado to take his property, inventory it, and place it in a room in a specific building where he understood it was to be stored. According to Turner, the property was removed from the room he was living in before he was moved and later, it was never returned to him. Turner also claims that Delgado

never turned in the inventory on his property. Turner contends that the Texas Department of Criminal Justice, based on its policies, was required to reimburse or replace his lost or stolen property; however, he claims the grievances that he filed regarding the property were either suppressed or denied.[1]

In May 2014, Turner filed a motion to default Delgado, Garland, and Harris on the basis that they had failed to file answers. Turner's motion was denied. In June 2014, Delgado, Garland, and Harris answered Turner's suit; on the date they filed their answers, they moved to dismiss Turner's suit on the basis that it was frivolous. Five days after they filed their motion to dismiss, the trial court dismissed Turner's claims. The trial court's judgment states that it dismissed Turner's suit because he failed "to comply with Chapter 14 of the Texas Civil Practice and Remedies Code."

---

[1] Turner attached an unsworn declaration to his petition that was designed to show that he filed a Step 1 and a Step 2 grievance with the Texas Department of Criminal Justice regarding his property. In his Step 1 grievance, Turner alleged that the officer in charge of the property room where Turner understood his property was to be taken deprived him of his property. However, Turner's Step 1 grievance does not include a complaint against any of the defendants in this case. In Turner's Step 2 grievance, he mentioned that Garland told him that he ordered Delgado to move Turner's property into a certain building where it was to be stored. The grievances reflect that they were denied, as the Department found that Turner provided insufficient evidence to substantiate his claims about his property.

Denial of Default Judgment

In issue one, Turner contends the trial court abused its discretion by denying his motion seeking a default judgment. However, at the time the trial court denied Turner's motion, the evidence before the court did not show the defendants had been served with citation as required under Rule 106 of the Texas Rules of Civil Procedure. Because Turner failed to establish that the defendants were properly served, we hold the trial court properly denied Turner's motion. We overrule issue one.

Motion to Vacate Judgment

In issue two, Turner contends the trial court abused its discretion when it denied his motion to vacate the judgment and denied his request to reinstate the case on the court's docket. According to Turner, the trial court should not have ruled on the defendants' motion to dismiss before he was properly served with the motion. Turner also contends the trial court lacked jurisdiction over the defendants' motion to dismiss because it was not served on him before the motion was granted.

In a case involving a prisoner, a trial court is not required to wait on the defendants to file a motion to dismiss before it may dismiss a prisoner's case. *See* Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (West 2002) (providing that a

court may dismiss a prisoner's claim "either before or after service of process" on five grounds, one of which includes cases in which the trial court finds the claim to be "frivolous or malicious"). A case is frivolous if it has no arguable basis in law. *Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, no pet.). "An inmate who brings a claim falling within the scope of Chapter 14 has no right to notice of a motion to dismiss, nor to a mandatory hearing." *Morris v. Tarlton*, No. 11-13-00199-CV, 2015 WL 4523531, at *1 (Tex. App.—Eastland July 23, 2015, no pet. h.) (mem. op.); *see also Hamilton v. Williams*, 298 S.W.3d 334, 340 (Tex. App.—Fort Worth 2009, pet. denied) ("an inmate who brings a claim falling within the scope of chapter fourteen has no right to notice of a motion to dismiss, nor to a mandatory hearing"); *Hughes v. Massey*, 65 S.W.3d 743, 745 (Tex. App.—Beaumont 2001, no pet.) ("the inmate had no right to notice of a motion to dismiss or to an opportunity to amend"). For the reasons we explain in resolving issue three, Turner's claims against Delgado, Garland, and Harris were frivolous. We hold the trial court did not abuse its discretion by denying Turner's motion to vacate or by denying his motion to reinstate the case. We overrule issue two.

Chapter 14 Dismissal

In issue three, Turner argues that the trial court abused its discretion by dismissing his case as frivolous. According to Turner, he sued the officers that took

his property based on acts that were not within the scope of their duties as correctional officers. However, in our opinion, the trial court did not abuse its discretion by interpreting Turner's petition to allege claims grounded on the officers' duties as correctional officers.

Whether a state employee is acting within the scope of his or her employment for purposes of the Tort Claims Act depends upon whether the employee is performing duties generally assigned to them when the tort occurs. *Lopez v. Serna*, 414 S.W.3d 890, 894-95 (Tex. App.—San Antonio 2013, no pet.). "'Scope of employment' means the performance for a governmental unit of the duties of an employee's office or employment and includes being in or about the performance of a task lawfully assigned to an employee by competent authority." Tex. Civ. Prac. & Rem. Code Ann. § 101.001(5) (West Supp. 2014). "An employee's act is not within the scope of employment when it occurs within an independent course of conduct not intended by the employee to serve any purpose of the employer." *Alexander v. Walker*, 435 S.W.3d 789, 792 (Tex. 2014) (quoting Restatement (Third) of Agency § 7.07(2) (2006)).

In his petition, Turner alleged that department policy required the employees of the Department of Criminal Justice to pack, inventory, secure and return inmate-owned property. He complained in his petition that the theft of his property arose

6

from the negligence of Delgado, Garland, and Harris to implement and perform their obligations based on the policies of the Department of Criminal Justice. Turner pled that the officers' conduct, which resulted in the loss of his property, was subject to the prison grievance system. *See generally* Tex. Gov't Code Ann. § 501.008 (West 2012). However, "[a] remedy provided by the grievance system is the exclusive administrative remedy available to an inmate for a claim for relief against the department that arises while the inmate is housed in a facility operated by the department[.]" *Id.*

In our opinion, the trial court reasonably viewed Turner's petition as alleging claims against the officers that related to their acts as employees of the Department of Criminal Justice. As such, the trial court's interpretation that Turner's claims were claims that he could have brought against the Department of Criminal Justice was not unreasonable. *See Lopez*, 414 S.W.3d at 895.

When the employees of a governmental agency are named as defendants in a suit, and where the claims alleged are claims that could have been brought against the agency, the suit is considered to be a suit "against the employee in the employee's official capacity only." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(f) (West 2011).

7

In his brief, Turner focuses on the claim he brought against the three officers under the Theft Liability Act, and he says he did not sue them under the Tort Claims Act. Nonetheless, Turner's claims, as they were alleged in his petition, are claims that could have been brought against the Department. "A plaintiff cannot, through artful pleading, make a common law tort claim a statutory claim under the Theft Liability Act." *Mason v. Wood*, No. 09-12-00246-CV, 2013 WL 1088735, at *3 (Tex. App.—Beaumont Mar. 14, 2013, no pet.) (mem. op.).

Turner argues that he should be allowed to proceed against the defendants for mishandling his property because theft is not a claim for which the Legislature waived the State's sovereign immunity under the Tort Claims Act. However, a suit against an employee of a government agency that is based on acts within the general scope of the agency's employment relationship is the equivalent of a suit against the agency's employee in his official capacity regardless of whether the defendant can recover on the claim. *See Franka v. Velasquez*, 332 S.W.3d 367, 382 n.68 (Tex. 2011). "[A]ll tort theories alleged against a governmental unit, whether it is sued alone or together with its employees, are assumed to be 'under [the Tort Claims Act]' for purposes of section 101.106." *Mission Consol. Indep. School Dist. v. Garcia*, 253 S.W.3d 653, 659 (Tex. 2008).

In this case, the trial court apparently concluded that Turner was seeking to sue Delgado, Garland, and Harris under the Theft Liability Act for activities that allegedly occurred that fell within the scope of their employment as officers employed by the Texas Department of Criminal Justice. However, the Theft Liability Act does not include a waiver of immunity for a state agency of the agency's employees for conduct that was within the course of the employees' employment. *Lopez*, 414 S.W.3d at 896. Since Turner cannot sue the three officers under the Theft Liability Act for acting within the scope of their employment as employees of the Department of Criminal Justice in removing Turner's property, the trial court properly concluded that Turner's claims, as alleged, were frivolous. We overrule issue three, and we affirm the trial court's judgment dismissing Turner's suit without prejudice.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on March 23, 2015
Opinion Delivered November 19, 2015

Before McKeithen, C.J., Horton and Johnson, JJ.