

NUMBER 13-17-00478-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MANUEL ROJAS,** **Appellant,**

**v.**

**V. MARTINEZ, ET AL,** **Appellees.**

---

## On appeal from the 343rd District Court of Bee County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa**
**Memorandum Opinion by Justice Longoria**

Appellant Manuel Rojas is an inmate housed in the Texas Department of Criminal Justice—Institutional Division (TDCJID) at the McConnell Unit in Beeville, Texas. Rojas brought suit pro se and *in forma pauperis* against eight individuals, alleging that they violated his constitutional rights under 42 U.S.C. § 1983, including a failure to protect, assault, and retaliation. *See* 42 U.S.C.A. § 1983 (West, Westlaw through P.L. 115–193).

The trial court dismissed Rojas's claims with prejudice pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014 (West, Westlaw through 2017 1st C.S.). Rojas argues that the trial court erred by dismissing his suit. We affirm.

## I. BACKGROUND

Five of the defendants, Assistant Warden Kenneth Putnam, Captain Placid Samniego Jr., Sergeant Mayer, Adriano Cano, and Correctional Officer V. Martinez, are all assigned to the McConnell Unit of the TDCJID. Defendant Norma Saenz-Prierto is assigned to the Region IV Director's Office of the TDCJ. Defendant Gregory Samuel R.N. is an employee of the University of Texas Medical Branch. The eighth defendant is a person Rojas identified as Captain A. Pomb; however, this person is unknown and has not been located or identified as an employee of TDCJID, either as a current or former employee. Pomb was not served with process.

Rojas alleges that on September 20, 2016, he received a false disciplinary charge accusing him of engaging in sexual intercourse with his cellmate. As part of the investigation, he alleges that TDCJID officials threatened him and assaulted him. Rojas accuses several of the defendants of failing to protect him from sexual assault because of the invasive nature of the investigation. He also claims that he was sexually assaulted by a nurse and that his complaint about the sexual assault was not properly investigated. He asserts that Officer Martinez retaliated against him for filing grievances concerning the conditions of his imprisonment and concerning Martinez's alleged non-compliance with his duties.

Rojas filed two sets of grievances.  Step 1 of his first grievance was filed on September 20, 2016.  The response was dated November 3, 2016, and he filed a Step 2 grievance on November 8, 2016.  The response to his Step 2 grievance was dated December 13, 2016, although Rojas claims that he did not receive it until January 23, 2017.  Rojas filed a second Step 1 grievance on September 23, 2016.  The response was dated October 7, 2016; Rojas filed a Step 2 grievance on November 2, 2016.  The response to his second Step 2 grievance was dated November 16, 2016; Rojas does not mention the date he received the response.

Rojas filed the present suit on March 6, 2017.  On May 12, 2017, the Office of the Attorney General (OAG) filed an amicus curiae advisory asking the court to dismiss the case.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003–.005.  On August 2, 2017, the trial court dismissed all of Rojas's claims with prejudice for "failure to comply with Chapter 14 of the Texas Civil Practices and Remedies Code."  This appeal ensued.

## II. DISCUSSION

In one issue with multiple sub-issues, Rojas argues that the trial court erred by dismissing his claims with prejudice when he followed all Chapter 14 requirements, he presented cognizable claims, and the record contains material issues of fact.

### A. Standard of Review

We review a dismissal under Chapter 14 for an abuse of discretion.  *See Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Jackson v. Tex. Dep't of Crim. Justice—Inst. Div.*, 28 S.W.3d 811, 813 (Tex. App.—Corpus Christi 2000, pet. denied).  A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding principles or rules.  *Brewer v. Collins,* 857 S.W.2d 819,

3

822 (Tex. App.—Houston [1st Dist.] 1993, no writ). However, the specific issue of whether there is an arguable basis in law is reviewed de novo. *See Moreland*, 95 S.W.3d at 394.

**B. Applicable Law**

A trial court may dismiss an inmate's claim, either before or after service of process, on any number of grounds. *See, e.g.,* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003–.006; *see also Gross v. Carroll,* 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Scott v. Gallagher*, 209 S.W.3d 262, 265 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("A trial court may dismiss an inmate's lawsuit for failing to comply with the procedural requirements of Chapter 14."). Trial courts have broad discretion in dismissing a case under Chapter 14 because: "(1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants." *Retzlaff v. Tex. Dep't of Crim. Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

"An inmate may not file a claim in state court regarding operative facts for which the grievance system provides the exclusive administrative remedy until he receives a written decision issued by the highest authority provided in the grievance system." *Id.* at 654; *see* TEX. GOV'T CODE ANN. § 501.008(d)(1) (West, Westlaw through 2017 1st C.S.). The grievance system provides the exclusive administrative remedy for all claims by an inmate while incarcerated except for any "remedy provided by writ of habeas corpus challenging the validity of an action occurring before the delivery of the inmate" to the prison facility. TEX. GOV'T CODE ANN. § 501.008(a). "A lawsuit based on the same allegations as made in a grievance *must* be dismissed if it is not filed before the 31st day"

4

after the date on which the inmate receives a written decision in the grievance proceeding. *Moreland*, 95 S.W.3d at 394 (emphasis added); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b).

A trial court may also dismiss a claim as frivolous or malicious under chapter 14 based on the following factors:  the claim's ultimate chance of success; whether the claim has an arguable basis in law or fact; whether it is clear that the party cannot prove facts in support of the claim; or whether the claim is substantially similar to a previous claim filed by the petitioner because it arises from the same operative facts.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2); *Hamilton v. Williams,* 298 S.W.3d 334, 339 (Tex. App.—Fort Worth 2009, pet. denied).  "A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory."  *Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, no pet.) (quoting *Hamilton*, 298 S.W.3d at 339).  Dismissal with prejudice is improper if the dismissal is based on procedural defects that the inmate can correct.  *See Fernandez*, 341 S.W.3d at 13.  However, if the claim has no arguable basis in law, then dismissal with prejudice is proper.  *Id.*

## C. Analysis

In his unsworn declaration of when he received his Step 2 grievance, Rojas only refers to a single grievance.  Although he does not mention it by number, he clearly is referring to his first set of grievances based on the dates he listed.  In his declaration, he claims that he received a response to his Step 2 grievance on January 23, 2017.  Since he did not file the present suit until March 6, 2017, he did not file his petition before the thirty-first day after the receipt of the response to his first Step 2 grievance.  Concerning his second Step 2 grievance, because Rojas does not complain about receiving it in an

5

untimely manner, it is reasonable for the trial court to conclude that he received it in a timely fashion. *See id.*; *see also Geiger v. Milburn*, No. 02-13-00250-CV, 2014 WL 487190, at *2 (Tex. App.—Fort Worth Feb. 6, 2014, no pet.) (mem. op.). And since the second Step 2 grievance was decided on November 16, 2016, the trial court could have reasonably concluded that thirty-one days had elapsed since the time that Rojas received that Step 2 response and March 6, 2017, the date he filed his petition. *See Geiger*, 2014 WL 487190, at *2. Because suit was not timely filed, Rojas's claims have no arguable basis in law, and it was appropriate to dismiss his claims with prejudice. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005; *Fernandez*, 341 S.W.3d at 13.

Rojas contends that his suit was timely filed because 42 U.S.C. § 1983 has a two-year statute of limitation. In other words, Rojas is arguing that because he is filing his suit under federal law, he does not have to comply with state procedural rules. We disagree. In *Woodford*, an inmate incarcerated in the California prison system filed a suit under 42 U.S.C. § 1983. *See Woodford v. Ngo*, 548 U.S. 81, 87 (2006). The Supreme Court ruled that the inmate still had to comply with state administrative exhaustion requirements. *Id.* at 90. In *Gilbert v. Texas Department of Criminal Justice*, the court applied this ruling to Texas state laws on administrative exhaustion requirements and held that even when an inmate is asserting a 42 U.S.C. § 1983 claim, all administrative procedures must be "properly and timely complied with." *Gilbert v. Tex. Dep't of Crim. Justice*, 490 S.W.3d 598, 609 (Tex. App.—Houston [1st Dist.] 2016, no pet.) ("We see no reason that the Supreme Court would treat Texas's 31-day court filing requirement differently."). Therefore, Rojas still needed to file his suit within thirty-one days of receiving a response to his Step 2 grievance. *See Fernandez*, 341 S.W.3d at 13. Because he did not do so,

his claims were mandatorily dismissed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b). Furthermore, dismissing with prejudice is proper when an inmate misses a filing deadline because it is not a defect that can be corrected. *Gilbert*, 490 S.W.3d at 606; *Leachman v. Dretke*, 261 S.W.3d 297, 309 (Tex. App.—Fort Worth 2008, no pet.). We overrule Rojas's first issue.

Because we find that Rojas's claims were properly dismissed with prejudice, we need not address his other sub-issues. *See* TEX. R. APP. P. 47.1.

### III. CONCLUSION

We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Delivered and filed the
26th day of July, 2018.

7