

# NUMBER 13-18-00528-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

MICHAEL McCANN,                                                    Appellant,

v.

JESUS DE HOYOS, ET AL.,                                            Appellees.

---

## On appeal from the 156th District Court
## of Bee County, Texas.

---

# MEMORANDUM OPINION

## Before Justices Benavides, Hinojosa, and Perkes
## Memorandum Opinion by Justice Hinojosa

This is an inmate litigation case brought under Chapter 14 of the Texas Civil Practices and Remedies Code. By two issues, appellant Michael McCann asserts: (1) the trial court erred when it dismissed his chapter 14 civil lawsuit and (2) it was error to allow an associate judge to preside over his case. We affirm.

## I. BACKGROUND

McCann is an inmate at the Texas Department of Criminal Justice (TDCJ) McConnell Unit in Beeville, Texas. He claims that on November 27, 2017, TDCJ employee Jesus De Hoyos unlawfully seized some of his legal documents while he was exiting the unit's garment factory. McCann claims that De Hoyos read his personal legal papers and refused to return them. McCann also complains that TDCJ employees Corey Furr and C. Perales assisted De Hoyos by failing to return his paperwork. According to McCann, the employees retaliated against him by filing a disciplinary case against him after he complained about De Hoyos to De Hoyos's supervisor.

After exhausting his administrative remedies, McCann filed a lawsuit in district court against De Hoyos, Furr, and Perales "in their official and personal capacities" on April 30, 2018. McCann's lawsuit alleged breach of contract, theft, conversion, and retaliation causes of action. He also asserted that defendants' actions violated the Equal Protection Clause. In his petition, McCann objected "to the referral of this case to any judge not elected to the district filed in." He sought recovery in the form of damages, declaratory relief, injunctive relief, and court costs.

The Fourth Administrative Judicial Region assigned Judge Joel Johnson to preside over this case on May 3, 2018. McCann then filed a formal "Objection to Assigned Judge" under § 74.053 of the Texas Government Code. Although this motion's certificate of service was dated May 11, 2018, it was not postmarked until May 31, 2018.

The trial court dismissed McCann's lawsuit without prejudice "as frivolous and for failure to comply with Chapter 14's" procedural requirements. McCann now appeals.

2

## II. CHAPTER 14 INMATE LITIGATION

In McCann's first issue, he contends that the trial court abused its discretion by improperly dismissing his lawsuit.

### A.    Standard of Review and Applicable Law

We generally review a trial court's dismissal of a claim pursuant to Chapter 14 of the Texas Civil Practice and Remedies code under an abuse of discretion standard. *Wanzer v. Garcia*, 299 S.W.3d 821, 827 (Tex. App.—San Antonio 2009, pet. denied); *see also Zavala v. Salles*, No. 13-18-00104-CV, 2018 WL 3386368, at *1 (Tex. App.—Corpus Christi–Edinburg July 12, 2018, no pet.) (mem. op.).   The trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.3d 238, 241–42 (Tex. 1985).   "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred."   *Id.* at 242.

A trial court may dismiss an inmate's claim as frivolous or malicious under Chapter 14 based on the following factors:   the claim's ultimate chance of success; whether the claim has an arguable basis in law or fact; whether it is clear that the party cannot prove facts in support of the claim; or whether the claim is substantially similar to a previous claim filed by the petitioner because it arises from the same operative facts.   *See* TEX. CIV. PRAC. & REM CODE ANN. § 14.003(a)(2), (b)(2); *see also Zavala v. Bustos*, No. 13-17-00597-CV, 2018 WL 3764568, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 9, 2018, pet. denied) (mem. op.).   "A claim has no arguable basis in law if it relies upon an

indisputably meritless legal theory." *Fernandez v. T.D.C.J.*, 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, no pet.). Dismissal with prejudice is improper if the dismissal is based on procedural defects that the inmate can correct. *See id*. However, if the claim has no arguable basis in law, then dismissal with prejudice is proper. *Id.*

## B.     Analysis

Chapter 14 requires that the inmate file certain documents along with their petition. For example, the statute requires that inmates file a statement of their trust account. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.006(f) ("The inmate shall file a certified copy of the inmate's trust account statement with the court. The statement must reflect the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed."). McCann failed to file a statement of his trust account with his original petition. *See id*.

Chapter 14 also requires that the petitioner file an affidavit identifying each action previously brought by the inmate as a pro se litigant. *Id*. § 14.004. One of the goals of § 14.004 is to reduce the problem of "constant, often duplicative, inmate litigation in this state." *Bell v. Tex. Dep't. of Criminal Justice-Inst. Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). The statute aims to reduce this litigation "by requiring the inmate to notify the trial court of previous litigation and the outcome." *Id*.

The affidavit must describe each action by:

(A)     stating the operative facts for which relief was sought;

(B)     listing the case name, cause number, and the court in which the action was brought;

(C)     identifying each party named in the action; and

4

(D)   stating the result of the action, including whether the action or a claim that was a basis for the action was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.

*Id.* (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.004).

While McCann did file a "Declaration of Previously Filed Lawsuits," it was deficient. The declaration did not state the operative facts for which he sought relief in each previous cause of action or state the results of each action. See TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(2)(A), (D). "[W]hen an inmate does not comply with the affidavit requirements of section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and [is] therefore, frivolous." *Bell*, 962 S.W.2d at 158.

In light of the foregoing failures to comply with Chapter 14, the trial court was within its discretion to dismiss McCann's petition without prejudice. *Wanzer*, 299 S.W.3d at 827. We overrule McCann's first issue.[1]

### III. OBJECTION TO AN ASSOCIATE JUDGE

In his second issue, McCann contends that the trial court lacked subject matter jurisdiction to render an order to dismiss. Specifically, McCann argues that Judge Johnson should not have been able to rule on McCann's case because McCann properly objected to the assignment of his case to an associate judge.

---

[1] Because the trial court's dismissal of McCann's lawsuit for failure to strictly comply with Chapter 14 is dispositive of this issue, we need not address McCann's additional claims regarding the dismissal of his alleged breach of contract, theft, conversion, retaliation, and constitutional claims. See TEX. R. APP. P. 44.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

**A.      Standard of Review and Applicable Law**

Whether a trial court has jurisdiction is a question of law that we review de novo. *Harris County v. Annab*, 574 S.W.3d 609, 612 (Tex. 2018).   Assigned judges are active, retired or senior judges.   *See* Tex. Gov't Code Ann. § 74.054.   An assigned judge may not hear a case if a party submits a timely objection no later than seven days after the party receives actual notice of the assignment or before the first hearing of the trial, whichever is sooner.   *See id.* § 74.053.   A timely objection to a judge "assigned" under Chapter 74 of the Texas Government Code is automatically effective and any subsequent order rendered by the assigned judge is void.   *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001).

**B.      Analysis**

McCann claims that he preemptively objected to the judge in his original petition. His petition asserted his objection "to the referral of this case to any judge not elected to the district filed in."   This objection, however, was improper.   *See In re Carnera*, 05-16-00055-CV, 2016 WL 323654, at *2 (Tex. App.—Dallas Jan. 27, 2016, no pet.).   "A party does not possess the right to object to the assignment of a visiting judge before the assignment takes place."   *Id*. (citing *Discovery Operating, Inc. v. Baskin,* 855 S.W.2d 884, 887 (Tex. App.—El Paso 1993, no writ)).   "Section 74.053 clearly contemplates that assigned judge objections will be filed after the assignment of a judge to whom a party objects, not that parties can file pro forma blanket objections to assigned judges at the time they file their initial pleadings."   *Id*.   Here, McCann filed his original petition and objection on April 30, 2018, but Judge Johnson was not appointed until May 3, 2018.

6

Accordingly, the objection in his original petition did not preserve this issue.

McCann later wrote a formal "Objection to Assigned Judge." The certificate of service on this objection reflects the date of May 11, 2018, but the motion was not formally postmarked until May 31, 2018. Rule 5 of the Texas Rules of Civil Procedure provides that "[i]f any document is sent to the proper clerk by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time." *Warner v. Glass*, 135 S.W.3d 681, 684 (Tex. 2004).

McCann claims that "any deficiency [in time] is on [the] McConnell Unit[']s mailroom, not McCann." Case law supports this position. The Texas Supreme Court has held:

> [N]either the general rule protecting litigants from clerical errors in the courthouse nor Rule 5's mailbox rule addresses the position of the party who, because he is incarcerated and proceeding pro se, does not have direct access to either the clerk's office or a United States mailbox for first-class mail. Just as we have declined to punish parties for failing to obtain a file stamp when they have timely placed the document in the constructive control of a court clerk, we decline to penalize a pro se litigant for failing to obtain a postmark or a file-stamp when the litigant has timely placed the document in the prison mail system, the only delivery system to which he or she has access. Therefore, a pro se inmate's claim under section 14.004 of the Inmate Litigation Act is deemed filed at the time the prison authorities duly receive the document to be mailed.

*Id.* at 684. However, assuming but not deciding that McCann placed his objection in the prison mail system on May 11, 2018, as he claims, that date is *eight* days after the appointment of Judge Johnson on May 3, 2018. Because the deadline for filing objection to judges is seven days after the notice of appointment or the case's first hearing,

7

whichever is sooner, McCann missed the deadline.   *See* TEX. GOV'T CODE ANN. § 74.053.

We conclude that McCann did not submit a timely objection to the assignment of Judge Johnson.   *See id*.   Judge Johnson thus had jurisdiction to hear the case.   *See id*.   We overrule McCann's second issue.

### IV. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed the
15th day of August, 2019.