

# NUMBER 13-18-00395-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RICHARD SMITH,                                                          Appellant,

v.

JODIE RAYFORD, ET AL.,                                                 Appellees.

### On appeal from the 156th District Court
### of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Hinojosa and Tijerina**
**Memorandum Opinion by Justice Hinojosa**

This is an inmate litigation case brought under Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.001 *et al*. By two issues, appellant Richard Smith complains that the trial court abused its discretion by: (1) dismissing his lawsuit against appellees Jodie Rayford, Corey Furr, Garrett

Saxon, Cinthia Guzman, Kathryn Gaitan, Nancy Trevino, and James Thompson, all employees of the Texas Department of Criminal Justice; and (2) allowing an assigned judge to preside when Smith objected to the assignment prior to his final hearing. We affirm.

## I. BACKGROUND

Smith is an inmate at the Texas Department of Criminal Justice McConnell Unit in Beeville, Texas. In his original petition, Smith alleges that Rayford, an officer at the McConnell Unit, issued a false disciplinary report against him for allegedly threatening her on July 14, 2017. Smith asserted that Rayford's fellow employees—Furr, Saxon, Guzman, Gaitan, Trevino, and Thompson—supported Rayford in her "bogus report" by making "false representations" and "alter[ing] witness statements." He further alleged that they "hid exculpatory evidence" and "alter[ed] the charging instrument." Smith also asserted that nepotism was involved in the incident because Rayford's husband is a warden at the McConnell Unit.

According to Smith, his "disciplinary case was finally overturned at the Step 2 Grievance level." On December 19, 2017, Smith sued appellees for threat of bodily injury, fraud, breach of contract, respondeat superior, conspiracy, and assisting and encouraging. He cited the grievance decision as proof of his claim. In his original petition, he "object[ed] to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial." He sought exemplary damages, declaratory relief, and injunctive relief.

2

On December 21, 2017, Judge David Peeples, Presiding Judge of the Fourth Administrative Judicial Region of Texas, assigned Senior Judge Joel B. Johnson to preside over this case. Smith then filed "Plaintiff[']s Objection to Assigned Judge and to Recuse [sic]." It was dated January 9, 2018 and postmarked January 10, 2018. He filed another objection on March 21, 2018. The trial court dismissed the case as frivolous on May 31, 2018. The final judgment does not state whether the dismissal is with prejudice. Smith appealed.

## II. DISMISSAL OF CHAPTER 14 LITIGATION

By his first issue, Smith complains that the trial court dismissed his lawsuit against appellees "for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code."

### A. Standard of Review & Applicable Law

We review a trial court's dismissal of a claim pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code under an abuse of discretion standard. *Wanzer v. Garcia*, 299 S.W.3d 821, 827 (Tex. App.—San Antonio 2009, pet. denied); *see also McCann v. De Hoyos*, No. 13-18-00528-CV, 2019 WL 3820427, at *1–2 (Tex. App.—Corpus Christi–Edinburg Aug. 15, 2019, no pet. h.) (mem. op.). The trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.3d 238, 241–42 (Tex. 1985). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Id.* at 242.

A trial court may dismiss an inmate's claim as frivolous or malicious under Chapter 14 based on the following factors:   the claim's ultimate chance of success; whether the claim has an arguable basis in law or fact; whether it is clear that the party cannot prove facts in support of the claim; or whether the claim is substantially similar to a previous claim filed by the petitioner because it arises from the same operative facts.   *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2).   "A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory."   *Fernandez v. Tex. Dep't of Crim. Justice*, 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, no pet.).   Dismissal with prejudice is improper if the dismissal is based on procedural defects that the inmate can correct.   *See id.*   However, if the claim has no arguable basis in law, then dismissal with prejudice is proper.   *Id.*

## B.    Analysis

We note that there is no civil cause of action for "assisting and encouraging," as Smith alleges in his original petition.   Accordingly, the trial court did not abuse its discretion for dismissing this cause because it has no arguable basis in law.   *See id.* Similarly, Smith's breach of contract claim fails, too, because Smith has not identified any binding contract between him and the named appellees.   *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(3) (providing that trial courts can dismiss cases when "it is clear that the party cannot prove facts in support of the claim").

Regarding Smith's remaining causes of action—common law fraud, "threat of bodily injury," respondeat superior, and conspiracy—we note that all of the appellees were employees of the Texas Department of Criminal Justice McConnell Unit.   Section

4

101.106 of the Texas Tort Claims Act states:

> [i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). A suit is completely foreclosed against a government employee in his individual capacity if he is acting within the scope of his employment. *Franka v. Velasquez*, 332 S.W.3d 367, 381 (Tex. 2011). The Texas Supreme Court in *Franka* held that a case is considered against an employee within his or her official capacity if: (1) the defendant was an employee of a governmental unit; (2) the defendant was acting within the general scope of his employment; and (3) the suit could have been brought under the Texas Tort Claims Act against the agency. *See id.*

Here, all of the appellees meet the first *Franka* element: they are all employees of the Texas Department of Criminal Justice McConnell facility, a governmental unit. *See Lopez v. Serna*, 414 S.W.3d 890, 894 (Tex. App.—San Antonio 2013, no pet.). As to the second *Franka* requirement, the Texas Tort Claims Act defines scope of employment as "the performance for a governmental unit of the duties of an employee's office or employment and includes being in and about the performance of a task lawfully assigned to an employee by a competent authority." TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(5). Because it is within appellees' job description to cooperate with all internal investigations regarding alleged threats made by inmates, we conclude that appellees were acting within the scope of their employment when they engaged in the actions

5

complained of in Smith's petition. *See Lopez*, 414 S.W.3d at 894.

Finally, we hold that the third *Franka* prong is satisfied, too. "[I]f a state employee is alleged to have committed . . . 'wrongful conduct' in the general scope of employment, then the suit is subject to section 101.106(f) because it could have been brought against the state agency." *Lopez*, 414 S.W.3d at 895 (citing *Franka*, 332 S.W.3d at 381). This tenet applies to both unintentional and intentional torts. *See id.* Accordingly, Smith's suit is subject to § 101.106(f) of the civil practice and remedies code. His lawsuit is against the appellees in their official, not individual, capacities, and the appellees were entitled to have the case dismissed against them and have Smith name the Texas Department of Criminal Justice (TDCJ) as the sole defendant. *See id.* Smith's claim against the Department, however, is barred by sovereign immunity because the Texas Tort Claims Act does not expressly waive immunity for intentional torts. *See id.* at 896.

In sum, because the appellees were acting in the scope of their employment, any suit brought against them in their individual capacities is barred. *See Franka*, 332 S.W.3d at 381. And if Smith named the TDCJ as the sole defendant in his claim, that claim would be barred by sovereign immunity. *See Lopez*, 414 S.W.3d at 896.

The trial court did not err in dismissing Smith's claims because they have no basis in law. *See Fernandez*, 341 S.W.3d at 13. We cannot say the trial court's decision to dismiss was arbitrary or unreasonable. *See Downer*, 701 S.W.3d at 241–42. We overrule Smith's first issue.

### III.   OBJECTION TO ASSOCIATE JUDGE

By his second issue, Smith asserts the trial court abused its discretion when it

6

allowed an assigned judge to rule on the final judgment when he had objected to the judge prior to any hearing.

**A.     Standard of Review and Applicable Law**

Whether a trial court has jurisdiction is a question of law that we review de novo. *Harris County v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018).   Assigned judges are active, retired or senior judges.   *See* TEX. GOV'T CODE ANN. § 74.054.   An assigned judge may not hear a case if a party submits a timely objection no later than seven days after the party receives actual notice of the assignment or before the first hearing of the trial, whichever is sooner.   *See id.* § 74.053.   A timely objection to a judge "assigned" under Chapter 74 of the Texas Government Code is automatically effective and any subsequent order rendered by the assigned judge is void.   *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001) (orig. proceeding).

**B.     Analysis**

Smith claims that he preemptively objected to the judge in his original petition. Specifically, his initial filing "object[ed] to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial."   However, Judge Johnson is an assigned judge, not an associate judge.   *See* TEX. GOV'T CODE ANN. § 74.054.   The order appointing him set forth that Judge Johnson was the "Senior Judge of the 156th District Court of the State of Texas."   *See id*.

We also find that Smith's objection was premature.   *See Discovery Operating, Inc. v. Baskin*, 855 S.W.2d 884, 887 (Tex. App.—El Paso 1993, no writ)*; see also In re Carnera*, No. 05-16-00055-CV, 2016 WL 323654, at *2 (Tex. App.—Dallas Jan. 27, 2016,

7

no pet.) (mem. op.). "A party does not possess the right to object to the assignment of a visiting judge before the assignment takes place." *Discovery Operating, Inc.*, 855 S.W.2d at 887. "Section 74.053 clearly contemplates that assigned judge objections will be filed after the assignment of a judge to whom a party objects, not that parties can file pro forma blanket objections to assigned judges at the time they file their initial pleadings." *See* TEX. GOV'T CODE ANN. § 74.054; *see also In re Carnera*, 2016 WL 323654, at *2. Here, Smith filed his original petition and objection on December 19, 2017, but the Presiding Judge of the Fourth Administrative Judicial Region did not appoint Judge Johnson until December 21, 2017. Accordingly, the objection in Smith's original petition did not preserve this issue.

Smith later filed "Plaintiff[']s Objection to Assigned Judge and to Recuse" on January 9, 2018. However, because the deadline for filing an objection to an assigned judge is seven days after the notice of appointment or the case's first hearing, whichever is sooner, Smith missed the deadline. *See* TEX. GOV'T CODE ANN. § 74.053. To be timely, Smith must have filed his objection by December 28, 2017—seven days after the appointment of Judge Johnson.

We overrule Smith's second issue.

### IV. CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed the
24th day of October, 2019.

8